## H. B. SUMNER v. W. B. CRAWFORD.

### No. 571.—Decided June 24, 1897.

**1. Injunction—Trustee.**

A trustee in possession of a stock of goods conveyed to him by a firm for sale to pay creditors can, by injunction, compel the restoration of goods out of such stock unlawfully levied upon (by seizure upon execution against one of the partners, instead of by notice as provided by Rev. Stats., arts. 2349, 2352), by showing that such taking greatly depreciated in value the remainder of the stock and damaged the trust estate. (Pp. 130, 131.)

**2. Same—Remedy at Law—Inadequate.**

Such injunction could not be denied on the ground that the trustee had a remedy at law, by trial of right of property under the statute—such remedy being, for reasons given, inadequate; nor would the trustee have, in an action for damages against the sheriff, a remedy adequate, i. e., as practical and efficient as the remedy in equity, for the damage by depreciation of the remainder of the stock. (Pp. 131, 132.)

**3. Same—Courts of Law and Equity.**

The rules denying an injunction where there is an adequate remedy at law should not be applied in courts administering both law and equity as rigidly as where the jurisdiction is distinct. (P. 132.)

**4. Same—Statute Construed.**

The court incline to hold such injunction maintainable under Rev. Stats., art. 2989, though the remedies at law should be held adequate. (P. 132.)

ERROR to the Court of Civil Appeals for the Fifth District, in an appeal from Hill County.

The suit was brought by Crawford, the trustee, against Sumner, plaintiff in execution, and the sheriff, for injunction, to restrain a sale under execution of goods taken from plaintiff's possession. From a judgment perpetuating the injunction appeal was taken by defendants, and upon affirmance by the Court of Civil Appeals, appellant, Sumner, procured a writ of error.

*McKinnon & Carleton*, for plaintiff in error.—The petition is defective and does not entitle plaintiff to the relief prayed for, because, admitting the facts which he alleges to be true, it clearly appears that he had a full and adequate remedy at law. He could file his affidavit and bond under the statute and try the title to said goods, or if said goods were his property by virtue of said deed of trust he had a further remedy to sue the sheriff and the sureties on his bond for damages and for the trespass and making of an illegal levy. Crawford v. Wingfield, 25 Texas, 414; Perrin v. Stevens, 29 S. W. Rep., 927; Whitman v. Willis, 51 Texas, 426; Taylor v. Gilliam, 23 Texas, 516; Purinton v. Davis,

66 Texas, 455; Ferguson v. Herring, 49 Texas, 126; Morris v. Hastings, 70 Texas, 26; Hughes v. Driver, 50 Texas, 180; Taylor v. Snow, 47 Texas, 462.

*Poindexter & Padelford,* for defendant in error.—Under an execution running against one partner of the firm, the sheriff cannot levy upon a portion of a stock of goods, which is co-partnership property, by segregating said portion from said stock of goods, and taking actual possession thereof. Such an execution cannot be levied when the property is in the possession of a trustee, under a deed of trust, unless such a notice is given to the trustee and possession of a part of such property cannot be taken under such an execution; and a levy attempted to be made in a method not authorized by the statute is illegal and void. Rev. Stats., arts. 2352, 2349, 2351; Middlebrook v. Zapp, 79 Texas, 321; Wagner v. Marple, 10 Texas Civ. App., 510; Currie v. Stuart, 26 S. W. Rep., 146; Gunter v. Cobb, 82 Texas, 598; Styles v. Hill, 62 Texas, 429; Railway v. Drake, 65 Fed. Rep., 539; Moore v. Opera House Co., 81 Iowa, 46; Bank v. Kellogg, 46 N. W. Rep., 859; Williams v. Lewis, 115 Ind., 47.

A levy under a void or voidable execution or judgment, or a levy made upon property not subject to forced sale, that is, an illegal levy or a levy made in illegal manner, can be enjoined. Snow v. Nash, 50 Texas, 216; Cooper v. Newell, 36 Miss., 316; Glass v. Smith, 66 Texas, 548; Huntington v. Bell, 2 Port., 51; North v. Swing, 24 Texas, 193; Alexander v. Holt, 59 Texas, 205; Coates v. Caldwell, 71 Texas, 21; Railway v. Lewis, 81 Texas, 1; Blum v. Schram, 58 Texas, 530; Cunningham v. Conway, 25 Neb., 617.

Wherever irreparable injury would result from an illegal levy and sale under an execution, the court will always grant an injunction. The facts alleged and proved in this case show that the illegal levy made by appellant under said execution would have resulted in irreparable injury to the plaintiff, and the court did not err in holding that by reason of said fact, the injunction was properly sued out. Johnson v. Merchts. Line, 19 S. W. Rep., 640; Ford v. Rigby, 10 Cal., 450; Watson v. Sutherland, 5 Wall., 78; McCreery v. Sutherland, 87 Am. Dec., 578; Stratton v. Packer, 14 Atl. Rep., 587; Clagett v. Kilbourne, 1 Black, U. S., 346; Railway v. Drake, 65 Fed. Rep., 539; Rogers v. Nichols, 20 Texas, 719; Click v. Stewart, 36 Texas, 280; Cooper v. Newell, 36 Miss., 316.

DENMAN, ASSOCIATE JUSTICE.—The question in this case is, can a trustee in possession of a stock of goods conveyed to him by a firm to be sold to raise funds to pay certain partnership and individual debts of such firm and its members, by injunction compel the restoration of certain staple goods of such stock seized and taken from his possession by virtue of an execution against one of the partners, upon a showing by such trustee that, by reason of the taking of such goods the remainder

of the stock would be greatly depreciated in value and the trust estate thereby greatly damaged? We are of the opinion that this question must be answered in the affimative. The partnership property being lawfully in the possession of the trustee, could not be levied upon by actual seizure but only by notice under the statutes. Rev. Stats., arts. 2349, 2352; Middlebrook v. Zapp, 79 Texas, 321; Gunter v. Cobb, 82 Texas, 598. The levy was therefore unauthorized and unlawful.

But notwithstanding this fact, it is contended that under the authority of Ferguson v. Herring, 49 Texas, 129, the trustee had an adequate remedy under the statute providing a proceeding for the trial of the right of property, and that therefore he was not entitled to an injunction. We do not think this position can be sustained. If the trustee had resorted to that remedy, he would have released all damages against the sheriff, both as to the goods seized and as to the remainder. Rev. Stats., arts. 5311, and the property when returned to him would have been in custodia legis, subject to such other writs as might have been levied before the trial, and his bondsmen would probably have had the right to require its preservation by him in kind to be returned in satisfaction of the judgment against him, Rev. Stats., arts. 5287, 5310, thus depriving the trust estate of the benefit of having the goods replaced in and sold with the stock. It would be unjust both to him and the sureties to replace the goods in the stock and sell same pending trial of right of property proceedings, for if he failed to establish his claim after the goods were sold, he and his sureties would be liable on the bond to the execution creditors for the amount of their claims and ten per cent damages thereon, to the full extent of the value of the property with interest thereon from the date of the bond and ten per cent additional upon such value—such value to be determined by the court or jury trying the cause, and not by what the trustee might have realized by such sale. Thus, by such proceeding the trust estate would be diminished by the amount of the damage done by the levy, and the trustee and his bondsmen exposed to great hazard in attempting to protect the trust estate. We are of opinion that the principles of equity do not require us to hold, that such statute afforded the trustee an adequate remedy and that therefore a court of equity had no power, at his instance, to protect the trust by injunction against the trespass of an officer attempting to execute his writ in a manner prohibited by our statutes.

But it is contended that the trustee had an adequate remedy by suit for damages against the officer, and therefore was not entitled to an injunction. We have been cited to no authority which would have permitted him in such a suit to recover the loss the trust estate would have suffered by reason of the trustee's not being able to sell the goods not seized for as great a sum as he could have sold them for if the goods levied upon had not been taken out of the stock. It would be very difficult to estimate such loss. We do not think a court of equity should

turn away the trustee seeking its aid in the execution of the trust, because of the existence of a remedy so doubtful as to its adequacy. "It is not enough that there is a remedy at law; it must be plain and adequate, or in other words, as practical and efficient to the ends of justice and its prompt administration, as the remedy in equity." Watson v. Sutherland, 5 Wall., 74; North v. Peters, 138 U. S., 271. In courts administering both law and equity, like ours, the rules denying injunction when there is a remedy at law should not be applied as rigidly as at common law where the issuance of the writ in equity was, to a certain extent, an invasion of the jurisdiction of another tribunal. If, as here, the applicant shows a clear right to be left in the undisturbed possession of certain property and that such right is about to be invaded without semblance of right by another, such invasion, on principle, should be prevented in its incipiency by injunction, instead of allowing the injury to be inflicted and then leaving the party to his legally adequate, but in fact generally very inadequate remedy of an action for damages.

While it is not necessary in this case, if we are correct in the statement of the above principles, to so hold, still we deem it proper to say that we are strongly inclined to the opinion that Rev. Stats., art. 2989, authorizes the injunction in this case, though the proceeding for trial of right of property and the action for damages should be held adequate remedies within the rule denying an injunction in such case at common law. The first portion of the article provides that the injunction may issue "where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant." And the latter provides that it may issue "In all other cases where the applicant for such writ may show himself entitled thereto under the principles of equity." It will be observed that the latter portion of the article requires the case to be brought within the rules of equity, and does not undertake to state the circumstances entitling the applicant to the writ, and therefore, under it, it must appear that there is not an adequate remedy at law as that term has always been understood; but the first portion of the article does state what facts will justify the issuance of the writ thereunder and does not require that there shall be no adequate remedy at law. In other words, it provides that the writ may issue where it appears, (1) that the applicant is entitled to the relief demanded; and (2) that in order to give such relief, the restraint of some act is necessary. In this case it appeared, (1) that the trustee was entitled under the law to have and retain the goods for the purpose of subjecting them to the trust as demanded by him; and (2) that in order for the court to accord to him such right it was necessary to restrain defendants from taking, retaining or selling the goods seized. This provision of the statute is most significant when it is considered that it was first incorporated into our law in the Revised Statutes of 1879, soon after the decision of Ferguson v. Herring, supra, in 1878.

Being of opinion that the Court of Civil Appeals did not err in affirming the judgment of the trial court granting and perpetuating the injunction, their judgment is affirmed.

*Affirmed.*