HILL et al. v. BROWN et al. (No. 8491.)

(Court of Civil Appeals of Texas. Dallas. Nov. 6, 1920. Rehearing Denied Dec. 4, 1920.)

1. **Injunction ⬀147—Affidavits admissible on hearing for temporary injunction.**

On the hearing of an application for a temporary injunction, affidavits are admissible in evidence, and their admission is a common practice.

2. **Injunction ⬀147—Affidavit held admissible to contradict testimony of option for renewal of lease.**

In an application for a temporary mandatory injunction to require delivery of possession of premises, where defendant claimed an option for the renewal of an oral lease for the term of one year, an affidavit, by a juror in a former action of forcible entry and detainer, brought before the expiration of the oral lease that defendant in that action made no claim of an option to renew, is admissible both to show the nonexistence of the option, and to contradict defendant's testimony at the hearing that she testified to such option at the forcible entry and detainer trial.

3. **Injunction ⬀5—Mandatory injunction may compel restoration by trespasser.**

The former restrictions upon the use of mandatory injunctions have given way to more liberal construction of the court's powers in the use of such injunctions, and a mandatory injunction may be granted in a proper case to restore to the owner possession of premises of which he has been deprived by trespass.

4. **Injunction ⬀49—Adequate remedy at law does not prevent mandatory injunction against trespasser.**

Under Rev. St. 1895, art. 2989, which is the same as Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, and which authorizes injunctions where it appears that party applying therefor is entitled thereto, and such relief is required to restrain some act prejudicial to applicant, a court of equity may grant a mandatory injunction to compel a trespasser to restore possession of the property, though the owner may have an adequate remedy at law.

5. **Injunction ⬀49—Finding of "trespass" and "fraud" authorizes mandatory injunction.**

"Trespass" implies force and "fraud" includes acts involving a breach of duty, trust, or confidence injurious to another, or by which an undue and unconscientious advantage is taken of another, and implies a willful act whereby another is sought to be deprived of what he is entitled to either at law or in equity, so that a finding that defendants were unlawfully, fraudulently, and forcibly holding possession of plaintiffs' premises as mere trespassers, authorizes a mandatory injunction to compel restoration of possession.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Fraud; Trespass.]

6. **Frauds, statute of ⬀44(4)—Oral option to lessee to extend term for another year is void.**

Where a lessee has an option for the extension of the term of the lease, he holds over, after giving notice of exercising his option, under the original lease, and not under the notice, so that an oral agreement for an option to renew an oral lease for one year after its expiration is void under the statute.

Appeal from District Court, Dallas County; E. B. Muse, Judge.

Suit by Mrs. M. V. Brown and husband against Mrs. J. H. Hill and husband, for a mandatory injunction. Judgment for plaintiffs, and defendants appeal. Affirmed.

John White, of Dallas, for appellants.

Muse & Muse and Lee Richardson, all of Dallas, for appellees.

TALBOT, J. The appellee Mrs. M. V. Brown, joined by her husband, M. V. Brown, brought this suit against the appellants, Mrs. J. H. Hill and her husband, J. H. Hill, alleging, in substance, that the appellee Mrs. M. V. Brown was the owner as her separate property and entitled to the possession of the

lot described in the petition. That situated upon the lot is a large and commodious residence, outhouses, and improvements, which was and is the homestead of the appellees; that appellants have unlawfully entered upon and taken possession of said property, and wrongfully withhold the possession thereof from appellees; that the reasonable market value of said premises is the sum of $15,000, and the reasonable rental value thereof is the sum of $125 per month. Appellees further allege that the appellants are not in possession of said premises under or by virtue of any contract, consent, or permission, but are naked trespassers thereon; that appellees have demanded possession of the premises, and appellants have refused to surrender possession, and announce their purpose to continue to hold the same, although they are in illegal possession thereof. Appellees allege that on or about the 1st day of August, 1916, the plaintiffs rented said premises to one Mrs. Etta Hodnett, a feme sole, for the term of one month, and by the month thereafter, the rental therefor being payable in advance on the 1st of the month in the sum of $40 per month; that the said Mrs. Hodnett, on or about March 1, 1919, surrendered the possession of the said premises to the defendants herein upon a subrental contract, as plaintiffs charge, similar to that above alleged as held with said Mrs. Hodnett, viz. a monthly rental payable in advance; that the same was without any written consent of the plaintiffs, but that shortly thereafter the plaintiffs consented to the defendants renting said property by the month for the rental of $50 in lieu of the $40 per month to be paid therefor, such rental of said premises by the defendants being by the month; that prior to January 1, 1920, the plaintiffs terminated said rental contract with the defendants, and demanded possession of said premises, and refused to accept the rent for January, 1920, and upon the refusal of the defendants to surrender possession on or about January 5, 1920, plaintiffs made written demand on defendants for the possession of said premises, and, defendants refusing to surrender possession, plaintiffs instituted a forcible entry and detainer suit in the justice court of precinct No. 1, Dallas county, Tex., to recover possession of said premises; that a trial of said cause was had on or about January 23, 1920, upon a jury being impaneled to hear said cause; that the defendant Mrs. Hill testified upon said trial, in substance, that the plaintiff Mrs. Brown had made a verbal contract with her in May, 1919, in which she agreed to let her, Mrs. Hill, have the house from June 1, 1919, to June 1, 1920, for $50 per month, averring that she, Mrs. Hill, had such conversation with Mrs. Brown in the presence of one Mrs. Bailey, a daughter of the plaintiff Mrs. Brown; that while as a matter of fact no such agreement had

been made, Mrs. Bailey being absent and the issue thus made resting upon the assertion by said Mrs. Hill and denied by Mrs. Brown, the jury upon such testimony found a verdict for the defendants in raid forcible entry and detainer suit; that the plaintiffs acquiesced in said verdict without appeal, and permitted the defendants to remain in said premises to June 1, 1920, advising them that on said date they would require the possession of said premises; that on or about the 1st of May, 1920, the plaintiffs served a written notice and demand upon defendants for the possession of said premises on June 1, 1920; that on or about the last days of May, 1920, the defendant J. H. Hill tendered to the plaintiffs .$50 as and for the rental for June, 1920; that the plaintiffs informed him that his term expired on June 1st, and possession would be required on that date, and declined to receive the said rental so tendered, or to permit or to consent to the continuation of the tenancy; that the said defendant Hill thereupon announced that he had an option to hold said premises for another 12 months, and plaintiffs show that neither verbally nor in writing have they agreed, contracted, or consented to the continuation of the rental of said premises by the defendants, or either of them, and that the defendants are trespassers, holding said property unlawfully and in defiance of the rights of the plaintiffs; that the defendants are insolvent; that said premises are being used for a boarding and rooming house, to the detriment and injury of the plaintiffs. Plaintiffs show that they are unable to obtain possession of said premises by reason of the unlawful acts of the defendants; that they have no adequate remedy at law against said defendants, and will suffer irreparable injury and damage unless this honorable court shall exercise its injunctional power and issue its mandatory injunction, ordering and commanding said defendants to vacate and surrender possession of said premises, and upon refusal so to comply to oust them therefrom under the injunctional power of the district court. Appellees prayed that the cause be set down for hearing; that a temporary mandatory injunction issue, requiring appellants to vacate the premises in question, and to surrender possession thereof to appellees,. and that upon final hearing said mandatory injunction be made permanent, and that appellees have judgment for the possession of the premises in controversy, for costs of suit, and for general and equitable relief.

The appellants answered by general and special demurrers to appellees' petition; pleaded a general denial, and specially that they rented the premises in controversy for the period of one year at $50 per month, payable monthly in advance, the year expiring on the 31st day of May, 1920; that at the time

the appellees rented the premises to the appellants, the appellees gave appellants an option on said premises for one year, beginning on the 1st day of June, 1920, and terminating on the 31st day of May, 1921, which was a part of the terms of the verbal lease theretofore made; that appellants occupied the premises until the 5th day of January, 1920, at which time the appellees demanded possession of the same, and thereafter filed suit in forcible entry and detainer for possession; that on the 23d day of June, 1920, the forcible entry and detainer suit was tried, and in the trial thereof appellees testified in accordance with their allegations in regard to the option given them by the appellees; that in pursuance with the contract made with appellees the appellants occupied the premises continuously up to the hearing of appellants' petition for the injunction in this suit and made certain improvements thereof, which was developed on the trial of the forcible entry and detainer suit and in which suit a verdict and judgment was rendered in favor of appellants. They denied having injured appellees' property, and alleged that they had been damaged by the bringing of this suit, and prayed judgment therefor.

Upon the hearing of the application for the temporary mandatory injunction asked, the trial court heard the pleadings, affidavits, and oral testimony offered, and at the conclusion of the hearing granted the injunction, and the appellants appealed.

The appellants have filed a brief in this court, but present, except in an informal way, only ·one assignment of error. That assignment is to the effect that the court erred in admitting in evidence the ex parte affidavit of J. E. Stark, one of the jurors on the trial of the forcible entry and detainer suit in the justice court, which affidavit contains the statement that · the appellant Mrs. J. H. Hill testified in the trial of said suit that during the month of May, 1919, she had a conversation with Mrs. M. V. Brown, in which Mrs. Brown verbally agreed that she, Mrs. Hill, should have the rented premises involved for the term of one year, beginning June 1, 1919, and ending June 1, 1920, for a rental of $50 per month, but that Mrs. Hill made no statement as to an option for any longer term, and made no claim to the right of possession of said premises beyond June 1, 1920.

[1, 2] That affidavits on the hearing of an application for a temporary injunction are admissible in evidence, and is a common practice in this state, is well established and generally recognized. The testimony of J. E. Stark, as contained in the affidavit in question, was material on the vital issue in the case, namely, as to whether or not appellees made a contract by which appellants should have an option on the premises, the possession of which is sued for from June 1, 1920,

to June 1, 1921. The relevancy of this testimony, especially in view of the fact that appellees stated on the hearing of the application for the injunction in the present case that they testified in the justice court on the trial of the forcible entry and detainer suit that they had an option on the premises from June 1, 1920, to June 1, 1921, is manifest. The assignment of error is overruled.

[3] The next suggestion of the appellees is that the allegations of the appellants' petition do not authorize the mandatory provisions of the temporary injunction granted; that it is only in extreme cases, such as are not often met with, that such a remedy exists. The appellees reply that the trial court in its judgment found the essential facts in the case favorable to the appellees; that such facts are amply supported by the evidence, and the conclusions of law based thereon are correct and sustained by authority. The trial court in the judgment rendered, declared:

"It is considered by the court and so found that the allegations contained in the petition of the plaintiffs are true, and that the defendants are in possession of the property described in the plaintiffs' petition as trespassers; that the contract alleged in the defendants' answer and testified by the defendants is an illegal contract, and void under the statutes of fraud under the laws of Texas; and, further, it is found by the court that said contract, alleged in the answer of the defendants and testified to upon the trial hereof, was in fact never made; and it is further found by the court that 'the plaintiffs, nor either of them, have made any contract with the defendants, or either of them, for the occupancy or possession by the defendants of said premises described in the plaintiffs' petition for any period of time subsequent to June 1, 1920; and that said defendants are wrongfully in possession of said premises, and without any legal right or claim thereto, and are naked trespassers wrongfully in possession of said premises."

It is well said that many of the restrictions upon the use of mandatory injunctions have, in modern times, given way to a more liberal construction of the powers of a court of equity in the use of such form of injunction. In keeping with this modern view, a mandatory injunction may be granted in a proper case, even without notice, for the purpose of restoring to the owner possession of the premises of which he has been deprived by trespass. Chaison Town-Site Co. v. McFaddin, Weiss & Kyle Co., 56 Tex. Civ. App. 611, 121 S. W. 719; Holbein v. De La Garza, 59 Tex. Civ. App. 125, 126 S. W. 42.

[4] In Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, our Supreme Court held that in courts administering both law and equity, like ours, the rules denying injunction, when there is a remedy at law, should not be ap-

plied as rigidly as at common law, and announced that the court was strongly inclined to the opinion that Rev. St. art. 2989, which is the same as article 4643, Vernon's Sayles' Civil Statutes, authorized the issuance and maintenance of an injunction, regardless of the existence of an adequate remedy at law. In Holbein v. De La Garza, supra, it is said:

"The objection that, according to the allegations of the petition, appellees have an adequate remedy at law, seems to be completely eliminated by the provisions of the act of the Thirty-First Legislature, amending article 2989, Rev. St., * * * if indeed the decision of the Supreme Court in Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994, left anything of real substance in that doctrine, under our system of blended law and equity jurisdiction in the courts."

It is also held that a mandatory writ of injunction may be granted, commanding parties to get off the premises with their movable property in a proper case, and without notice, but holds the facts in that case do not justify such order. And so it seems that a mandatory injunction may be issued under the same conditions as a prohibitory injunction, where the equities require it, and where the effect of the injunction is only to restore the plaintiff's possession, which has been unlawfully, wrongfully, and fraudulently obtained and to preserve the status until the rights of the parties can be determined. Chaison Town-Site Co. v. McFaddin, 56 Tex. Civ. App. 611, 121 S. W. 716. It cannot be denied that the general expression of the court in Acme Cement Plaster Co. v. American Cement Plaster Co., 167 S. W. 183, that "certainly a party has the right to restrain a threatened invasion of his premises, and the wrongful appropriation of his property," is correct, and article 4643 of our statute expressly provides that a party is entitled to injunctive relief, when it appears that the relief demanded, or any part thereof, requires the restraint of some act prejudicial to the applicant, or where, pending litigation, it shall be made to appear that a party doing some act respecting the subject of litigation threatens or is about to do some act, or is procuring or suffering the same to be done, in violation of the rights of the applicant, which act would tend to render judgment ineffective. Under this statute an injunction may be issued, to prevent a defendant in trespass to try title from inclosing the land involved and removing timber, though sequestration is an adequate legal remedy. Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937. Likewise it has been held that the remedy by action for damages for diversion of waters, not being as practical and efficient to the ends of justice and its prompt administration, is inadequate. Lakeside Irr. Co. v. Kirby, 166 S. W. 715. In the case just cited it is also said that under the

statute of this state an injunction is authorized though there be an adequate remedy at law. In such case the equities require, it occurs to us, that the right to an injunction restoring the possession to the appellees, who have been wrongfully evicted, should be recognized, and the status preserved pending a decision of the case on its merits. Simms v. Reisner, 134 S. W. 278; Town-Site Co. v. McFaddin, supra; Creamery Co. v. Electric Park Co., 138 S. W. 1106. As above said, our statute provides that injunctions may be granted, "where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, requires the restraint of some act prejudicial to the applicant."

The facts and circumstances in the case are sufficient to justify the conclusion, evidently reached by the trial court, that the premises of appellees were unlawfully and fraudulently held by the appellants, and we are not prepared to hold that the temporary mandatory injunction granted was not authorized under the authorities cited. There is not a case exactly in point cited, and we have found none. The principle enunciated in them, however, seems to be applicable. In Obets v. Speed, 211 S. W. 316, it was alleged in the plaintiff's petition that about January 5, 1919, Speed had gone into possession of the premises, and had attempted to forfeit the lease, and had forcibly taken possession, etc., and the question arose as to the propriety of restoring possession to the appellants by injunction. The court said that the proceeding presented no controversy over the title, but was for the purpose of protecting appellants against the unwarranted forfeiture of their leasehold interest and for the protection of that interest; that in such cases the right to an injunction restoring the possession of the tenant wrongfully evicted is recognized, citing Town-Site v. McFaddin and Creamery Co. v. Electric Park Co., supra. The court also quoted that provision of our statute to which we have referred above, wherein it is declared that injunctions may be granted "where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief, or any part thereof, required the restraint of some act prejudicial to the applicant."

[5] The trial court in the instant case found that the appellants were holding the premises here in controversy as mere trespassers, and "trespass" implies force. Among the many definitions of fraud we find that—

"Fraud in the sense of a court of equity properly includes all acts, omissions, and concealments which involve a breach of legal or equitable duty, trust or confidence, justly reposed, and are injurious to another, or by which an undue and unconscientious advantage is taken by another. In all cases it implies a willful act on the part of any one whereby another is

sought to be deprived by illegal or inequitable means of what he is entitled to either at law or equity."

The trial court was authorized to find under the testimony and authorities that appellants were unlawfully, fraudulently, and forcibly holding the premises sued for against the appellees, and that such holding might result in injury to appellees.

[6] The oral agreement under which appellants claim to have secured an option to occupy the premises in suit from June 1, 1920, to June 1, 1921, if ever made, was unenforceable, because in violation of the statute of frauds. There is a clear distinction made between an agreement or covenant for a renewal and a provision for the extension of the term of the lease at the option of the lessee. The courts treat the latter as a present demise for the full term to which it may be extended, and not a demise for the shorter period, with a privilege for a new lease for the extended term. It is therefore held that if the lessee has the privilege of an extension, and holds over upon giving notice that he intends to exercise the privilege, he holds for the additional term under the original lease, and not under the notice. The agreement claimed by the appellants to have been entered into between them and the appellees by which the appellants were given the privilege to hold the premises in controversy for the additional term of one year from June 1, 1920, to June 1, 1921, was made at the time the original contract was entered into, and, the whole period being for more than one year was obnoxious to the statute of frauds, and furnishes no legal right or excuse for holding over after the expiration of the original contract of renting, which terminated on May 31, 1920. The trial court held, however, upon evidence warranting it, that no contract for an extension of the rental term, as is claimed by the appellants, was ever made, and in either event the appellants asserted right to hold the premises from June 1, 1920, to June 1, 1921, was unfounded, and its attempted exercise was wrongful and a legal fraud upon appellees,

The judgment of the trial court is affirmed.