### REPUBLIC INS. CO. v. O'DONNELL MOTOR CO. et al.    (No. 9802.)

(Court of Civil Appeals of Texas. Dallas. Dec. 11, 1926.)

1. **Attorney and client** ⬤➡86—**Admissions or mutual concessions of counsel at trial are binding on clients in absence of fraud, accident, or mistake.**

Admissions of counsel made in open court on trial of cause for purpose of dispensing with introduction of testimony, or mutual concessions made as scheme of trial, are binding on clients, and when acted on are irrevocable and cannot be set aside except for fraud, accident, or mistake.

2. **Attorney and client** ⬤➡101(1)—**Clients held required to cease prosecution of suits under settlement agreement in which they participated through attorneys of record.**

Clients *held* required to cease prosecution of suits, where they participated, through attorneys of record, in settlement agreement with adverse party under which they were to dismiss suits, and adverse party submitted to judgment for limited amount as against one of them.

3. **Injunction** ⬤➡16—**Injunction may be granted on statutory ground without showing that no adequate remedy exists at law (Rev. St. 1925, art. 4642, subd. 1).**

General rule of equity that, before injunctive relief can be obtained, it must appear that adequate remedy at law does not exist, has no application where right to relief is predicated on statutory ground, such as Rev. St. 1925, art. 4642, subd. 1.

4. **Injunction** ⬤➡26(1)—**Injunction will lie to compel defendants to cease prosecution of litigation as they agreed under settlement agreement.**

Injunction will lie to compel defendants to cease prosecution of litigation as they agreed under settlement agreement in which pending litigation involving contested issues was disposed of, there being no adequate remedy at law, since plaintiff in making agreement sought to avoid annoyance, vexation, and expense of continued litigation.

Appeal from District Court, Dallas County; Royall R. Watkins, Judge.

Suit by the Republic Insurance Company against the O'Donnell Motor Company and others. From an order denying relief, plaintiff appeals. Reversed and rendered.

Senter & Strong, of Dallas, for appellant.

Lockhart & Garrard, of Lublock, for appellees.

LOONEY, J. The proceedings culminating in the entry of the judgment from which this appeal is prosecuted are these:

The O'Donnell Motor Company, a corporation, of O'Donnell, Lynn county, Tex., held with appellant a policy of fire insurance in the sum of $7,000, covering a building and certain merchandise that were destroyed by fire on April 1, 1925. Immediately after the loss, the following creditors of the motor company, to wit, J. S. Fritz, C. C. Connolly, Higginbotham-Bartlett Company, the First State Bank of O'Donnell, and Lee Tire & Rubber Company, sued the motor company in actions of debt in the county and district courts of Lynn County and had appellant served as garnishee. Appellant answered the garnishment proceedings, denying that it was indebted to the motor company or had effects belonging to it in its possession. These answers were not traversed by the creditors.

In this status, appellant filed a suit in the district court of Dallas county against the motor company, seeking cancellation of the policy of insurance on several grounds. The creditors named above were made parties to the suit, and injunction was sought to restrain them from further prosecuting the writs of garnishment or any claim against appellant arising out of the issuance of the policy of insurance. A temporary writ of injunction was granted and served.

The motor company pleaded its privilege to be sued in Lynn county, the county of its domicile, which was contested by appellant; the other defendants, the creditors named, each filed an answer, to which appellant also replied.

On September 5, 1925, the First State Bank of O'Donnell and J. S. Fritz, two of the creditors, filed a suit in the district court of Lynn county against appellant on the policy of insurance, claiming to be the owners under an assignment made to them by the motor company the day following the fire. Appellant was duly cited in this suit.

On September 16, 1925, appellant filed a contempt proceeding against Fritz and the

---

⬤➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

State Bank, of which A. W. Gibbs, was manager. Appellant alleged that the purported transfer of the policy of insurance by the motor company to the bank and Fritz was a colorable transfer, made for the purpose of evading the terms of the injunction. Respondents were cited to appear on October 3, 1925, the day the main cause was set for hearing, and show cause why they should not be held in contempt.

In all proceedings recorded herein, the firm of Lockhart & Garrard (of which Mr. G. E. Lockhart was a member) appeared as attorneys of record for the motor company, also for each of its creditors; in other words, it seems that between the motor company and its creditors there existed no antagonism, but a perfect understanding, in that the same firm of attorneys represented the motor company and each of the creditors.

In this status of the proceedings, on the day preceding the day set for hearing, Mr. G. E. Lockhart, representing his clients, the motor company and its creditors above mentioned, Mr. E. G. Senter, attorney of record for appellant, and Mr. R. W. Mayo, manager of the loss department of appellant, had a conference in the office of Mr. Senter and agreed on a settlemnt of the litigation to the effect that the motor company would withdraw its plea of privilege and file a cross-action against appellant on the policy, appellant agreeing that it would submit to a judgment not in excess of $2,500 and would dismiss its pending pleas against each of the other appellees, and, in turn, the creditors of the motor company agreed to dismiss their respective suits against appellant pending in the courts of Lynn county. In consummating this agreement, Mr. Lockhart acted as attorney of record for the motor company and its creditors as above named, and, so far as the record discloses, his authority to represent and bind them in the transaction has not been questioned.

On the day following, on call of the case, this agreement was stated in open court by Mr. Senter, attorney for appellant, and was confirmed by Mr. Lockhart. Thereupon the court entered the following judgment:

"This day came on to be heard the above entitled and numbered cause and came the parties plaintiff and defendant by their attorneys, and the plaintiff having in open court dismissed its plea as to the defendants First State Bank of O'Donnell, Tex., Higginbotham-Bartlett Lumber Company, J. S. Fritz, O. C. Connolly, and the Lee Tire & Rubber Company, of New York, thereupon came the parties and announced ready upon all issues involved in the pleadings, and the defendant O'Donnell Motor Company thereupon withdraws its plea of privilege filed herein and filed its original answer and cross-action herein, and thereupon all matters of fact as well as of law were submitted to the court, and the court, having heard the evidence and the argument of counsel, is of the opinion that the law is with the defendant O'Donnell Motor Company upon its cross-action.

"It is therefore ordered, adjudged, and decreed by the court that the plaintiff take nothing by reason of this suit as against the defendant O'Donnell Motor Company, and the court finds from the evidence that the plaintiff is justly indebted to the defendant O'Donnell Motor Company in the sum of $2,500.

"It is therefore adjudged that the defendant O'Donnell Motor Company, a corporation, do have and recover judgment against the plaintiff, Republic Insurance Company, a corporation, in the sum of $2,500 and all costs, for which let execution issue."

After the entry of this judgment, appellant was served with a writ of garnishment issued from the district court of McLennan county at the suit of the Waco Finance Corporation, also a creditor of the motor company. Thereupon appellant filed in the cause pending in the district court of Dallas county a plea setting out the facts as hereinbefore detailed, alleging the insolvency of the motor company, the conflicting claims of the creditors to the fund, and prayed that a receiver be appointed to take charge of the fund and that the creditors be brought into court, their conflicting claims adjudicated, to the end that appellant might be fully protected.

On December 12, 1925, the court entered an order directing appellant to pay the amount of the judgment, with interest, into the registry of the court; the district clerk was directed, as receiver, to receive and receipt for the same; creditors were cited to appear and present their claims on January 16, 1926.

Thereafter, the proceeding now under review was begun by appellant for the purpose of enjoining appellees from further prosecuting the suits pending in the district and county courts of Lynn county, and from asserting any further claim against appellant arising from said policy. Appellant's plea for relief was based on the ground that all issues involved in the suits pending in Lynn county and all questions relating to the liability of appellant under the policy, so far as appellees were concerned, were adjudicated and disposed of by the judgment and the agreement upon which it was based, as hereinbefore recited. From the order of the court denying appellant relief, this appeal is prosecuted.

This brings us to the questions involved.

[1, 2] Admissions of counsel made in open court on the trial of a cause for the purpose of dispensing with the introduction of testimony, or mutual concessions made as a scheme of trial, are binding on clients, and when acted on are irrevocable and cannot be set aside except for fraud, accident,

or mistake. The agreement on behalf of appellees, admitted in open court by Mr. Lockhart, their attorney of record, resulted in the rendition of the judgment against appellant for $2,500, which has been paid into the registry of the court. The authority of Mr. Lockhart to act for appellees has not been questioned; neither has the adjustment made by him been attacked. Appellees are therefore bound by the terms of the settlement, including the obligation on their part to dismiss—that is, to cease the prosecution of their suits against appellant pending in Lynn county. Furthermore, the participation by appellees in the settlement through their attorney of record was sufficient under the circumstances, to preclude them from further prosecuting the Lynn county suits. Cleveland v. Heidenheimer (Tex. Civ. App.) 44 S. W. 551; Jackson v. West, 22 Tex. Civ. App. 483, 54 S. W. 298; Hauke v. Cooper (C. C. A.) 108 F. 922.

[3] The sole contention of appellees is that the injunction sought by appellant was properly refused for the reason that there existed a complete, full, and adequate remedy at law, in that the suits pending in Lynn county could have been defended by pleading therein the agreement admitted and the judgment rendered by the court in the Dallas county case. The general rule at equity is that before injunctive relief can be obtained, it must appear that there does not exist an adequate remedy at law. This limitation, however, has no application where the right to relief is predicated on a statutory ground other than on the general principles of equity.

Even in cases depending on equitable principles, the rule denying relief where there exists a remedy at law is not applied in this state as rigidly as it obtains in jurisdictions maintaining separate law and equity courts, for the reason that we administer both law and equity; hence no question as to the invasion of the jurisdiction of another court by the issuance of an injunction could arise. Sumner v. Crawford, 91 Tex. 132, 41 S. W. 994.

Our statute has enlarged the rule at equity. Article 4642 (4643) (2989), Rev. St. 1925, subd. 1, provides that an injunction may be granted "where the applicant is entitled to the relief demanded and such relief or any part thereof requires the restraint of some act prejudicial to him." The authority to grant the writ in cases within the meaning of the quoted provision of the statute does not depend in any sense on a showing that there exists no adequate remedy at law. If a case comes within the meaning of the statute, the right to the writ is clear without such showing. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994; Southwestern T. & T. Co. v. Smithdeal, 104 Tex. 258, 136 S. W. 1049; Holbein v. De La

Garza, 59 Tex. Civ. App. 125, 126 S. W. 42; Green v. Gresham, 21 Tex. Civ. App. 601, 53 S. W. 382; Sullivan v. Dooley, 31 Tex. Civ. App. 589, 73 S. W. 82 (84); Mitchell v. Burnett, 57 Tex. Civ. App. 124, 122 S. W. 937; Allen v. Carpenter (Tex. Civ. App.) 182 S. W. 430; Lane v. Kempner (Tex. Civ. App.) 184 S. W. 1090 (1093); Stolte v. Karren (Tex. Civ. App.) 191 S. W. 600 (602); Haskins v. Cauble (Tex. Civ. App.) 198 S. W. 629 (630); Wicker v. Thompson (Tex. Civ. App.) 242 S. W. 1106; City Nat. Bank v. Folsom (Tex. Civ. App.) 247 S. W. 591 (593); Dallas Land & Loan Co. v. Garrett (Tex. Civ. App.) 276 S. W. 471; Red Ball Stage Lines v. Griffin (Tex. Civ. App.) 275 S. W. 454.

The merits of the respective suits pending at the time of the settlement are not involved here, and we express no opinion in regard thereto. Suffice it to say that proceedings were pending involving contested issues at the time the agreement was made and announced in open court as a scheme for the trial, settlement, and disposition of the batch of litigation. The judgment entered could not, by its terms, have disposed of any issue or cause not before the court, although the obligation on the part of appellees to dismiss these suits and to cease further prosecution was as real, and as much within the scope of the settlement, as were the matters disposed of by the judgment. The continued prosecution of the suits in Lynn county, or either of them, will withdraw and relitigate a part of the subject-matter comprehended by the adjustment. To do so would, in our opinion, be an unfair use of the court and the unjust imposition on appellant of vexatious and expensive litigation.

[4] Mutual concessions were made. Appellant, on the one hand, yielded its contention that it was not liable on the policy and agreed to a judgment (not in excess of $2,500) in favor of the motor company on its cross-bill; and appellees agreed to dismiss their suits against appellant pending in the courts of Lynn county. Certainly, in view of these undisputed facts, it cannot be gainsaid that appellant is entitled to be relieved from the annoyance and expense necessarily incident to the revival and further prosecution of the suits, and the only way to attain this end is to enjoin the prejudicial act——that is, the further prosecution of the suits.

It is no answer to say that appellant had an adequate remedy at law in that he was at liberty to plead these facts as defensive matter in Lynn county, for the reason that this would have caused the things sought to be avoided by the settlement—that is, the annoyance, vexation, and expense of continued litigation. Appellant waived a valuable right, paid the sum of $2,500 for

peace, and nothing short of preventing the revival and prosecution of these suits will afford that relief.

We are of the opinion that the trial court erred in refusing the injunction; hence its judgment will be reversed and here rendered for appellant.

The pleadings of appellees indicate that there is no intention to further prosecute the garnishment proceedings and that probably one or more have been dismissed, but the identity of the particular suit or suits dismissed is not disclosed. In view of this situation, the injunction will issue enjoining each appellee from the further prosecution of their said suit pending at the time of the settlement in the district or county courts of Lynn county, as the case may be.

Reversed and rendered.