**Wesley WEST et al., Appellants,**

**v.**

**HUMBLE OIL & REFINING CO., Appellee.**

**No. 5230.**

Court of Civil Appeals of Texas, Waco.

April 26, 1973.

Rehearing Denied June 14, 1973.

gas produced by defendant in such field; that such field is still producing gas; and that a large quantity of gas remains to be produced; that defendant applied to and received permission from the Railroad Commission of Texas to use the field as a gas storage reservoir into which gas would be injected for storage and produced; that such commission order did not determine or purport to determine property rights, but decided merely defendant could use the field as a gas storage reservoir insofar as the Texas conservation laws were concerned.

Plaintiffs alleged defendant stated it would account to plaintiffs for their gas royalty by paying plaintiffs sums of money upon the basis of plaintiffs' royalty interests in the volume of gas remaining in the reservoir "as has been determined by defendant."

Plaintiffs alleged defendant obligated by law to produce the remaining gas in the reservoir and account to plaintiffs for their royalty; that defendant has no legal right to make unilateral determination of the amount of gas remaining in the reservoir and discharge its obligation to plaintiff on that basis; that to do so would amount to condemnation of plaintiffs' property by paying plaintiffs a sum of money unilaterally determined by defendant.

Plaintiffs further alleged defendant will commence gas storage in the reservoir in May 1970; prayed for permanent injunction prohibiting defendant from using the field as a storage reservoir until all native gas has been produced, and alternatively for declaratory judgment decreeing if defendant used the field as a gas storage reservoir that defendant must account to plaintiffs for their royalty interests in all gas produced from said reservoir irrespective of whether it be native gas or stored gas.

Defendant answered that approximately 89% of the gas had been produced from the reservoir; that there was a pressing need for a gas storage reservoir in the

Stayton, Maloney, Black, Hearne & Babb, Austin, William E. Watson, Jr., Houston, for appellants.

McGinnis, Lockridge & Kilgore, Austin, Walter B. Morgan, Houston, for appellee.

## OPINION

McDONALD, Chief Justice.

Plaintiffs West, et al., in March 1970, instituted this suit as owners of royalty interests in gas produced by defendant Humble in the Clear Lake, W (Frio) Field in Harris County. Plaintiffs alleged defendant contractually obligated to account to plaintiffs for their royalty interests in the

area; that production of the remaining 11% of the gas would destroy the facility for use as a reservoir; that it would pay plaintiffs' royalty on production from the reservoir, "but only until" the gas produced is equal to the volume of gas in place in the reservoir as of January 1, 1969 (the 11% above referred to); that when such amounts have been paid, defendant "will under all the circumstances here involved have more than performed as a reasonably prudent operator and will more than have performed its obligations to plaintiffs." Defendant prayed plaintiffs take nothing.

The record reflects that defendant commenced using the field as a gas storage reservoir in September 1970; was so using it at time of trial; but had been paying plaintiffs ⅛ royalty on production from the reservoir.

Trial was to the court which rendered judgment on September 18, 1972:

1) Denying plaintiffs' prayer for a permanent injunction.

2) Decreeing defendant must account to plaintiffs for their royalty interests in "all gas produced from the tracts in which they own royalty interests * * * irrespective of whether said produced gas be native or stored gas."

Plaintiffs appeal from that portion of the judgment denying them injunction enjoining defendant from using the field as a gas storage reservoir until all native gas has been produced therefrom.

Defendant appeals from that portion of the judgment requiring they account to plaintiffs for their royalty interests in all gas produced from the tracts, irrespective of whether said produced gas be native or stored gas.

Plaintiffs are lessors and are owners of royalty interests in the gas in the Clear Lake field. Defendant is lessee, owns the corporeal estate, and has the possessory rights.

■ Nevertheless plaintiffs' royalty interest is an interest in real property; and such is a fee simple interest in land, or at least a right belonging or appertaining to the horizontal strata of the land in which the gas is imbedded. Sheffield v. Hogg, 124 Tex. 290, 77 S.W.2d 1021; Watkins v. Slaughter, 144 Tex. 179, 189 S.W.2d 699.

■ Defendant as lessee is obligated by law to operate the premises and produce and market gas found in paying quantities. Knight v. Chicago Corp., 144 Tex. 98, 188 S.W.2d 564.

■ Defendant is expressly contractually obligated to pay plaintiffs royalty on *all* gas produced so long as it is produced; and defendant must accurately measure the gas produced and sold so that it may accurately account to plaintiffs for their gas royalty. Mooers v. Richardson Pet. Co., 146 Tex. 174, 204 S.W.2d 606.

■ Defendant has wilfully breached its unambiguous contract with plaintiffs and wilfully breached the obligation imposed by law upon it, by ceasing normal and regular production from the field, and injecting it with gas produced in other places for storage. It is true defendant has and will from time to time withdraw some of the commingled gas for sale to its customers, and has paid plaintiffs' royalty on all gas produced since storage, but it proposes to pay plaintiffs this royalty, only until plaintiffs have received a sum of money equivalent to the sum they would ultimately receive if their property interest were not violated, *as such total sum has been calculated and fixed by defendant.*

Defendant has acted wilfully and with knowledge of plaintiffs' rights and of plaintiffs' objection to defendant's action. Defendant has so acted in the face of a pending lawsuit brought to prevent such action, and defendant will continue so to act unless restrained by some court.

Defendant says that it is in the public interest to use the field as a storage reservoir; that it has acted as a reasonably prudent operator; and that plaintiffs have an adequate remedy at law to recover damages for whatever their injury might be. This is in effect to condemn plaintiffs' royalty interest. But defendant does not have the right of eminent domain. Defendant could acquire such right by becoming a public utility; and some 21 states (excluding Texas), have statutes permitting condemnation of property for gas storage purposes.

■ Moreover the record reflects that plaintiffs' damages may not be fixed with any accuracy. Defendant's geologist, witness Warnock, who testified as to the size and contents of the field based on available data candidly informed the court he could not state the margin of error in his testimony. Insofar as his testimony is concerned the error could be 100%, 200% or any other figure. Defendant's engineer witness Whitson's testimony was no more certain than that of Warnock. And plaintiffs' remedy at law is inadequate if damages may not be determined with some precision. Lowe, Injunctions & Other Extraordinary Proceedings (6 Texas Practice) 2d Ed. p. 159.

To relegate plaintiffs to their damages would be to require them to employ engineers, geologists, and other experts to estimate the capacity of the field, and the amount of gas within such reservoir, or accept defendant's unilateral computations and determination; go through the stress and expense of a trial, and still be faced with uncertainty and imprecision in the computation of their damages.

And by enforcing defendant's contractual and legal obligation, plaintiffs would receive their royalty payments as the result of normal, regular, and systematic withdrawal of the gas at prices existent at time of withdrawal. To require plaintiffs to take damages as in condemnation would result in imprecision; and to require plaintiffs to accept royalty on amounts of gas defendant would withdraw from the storage facility at peak usage or in time of breakdown of its main line, would make for even more imprecision.

■■ It is not enough that there is a remedy at law; it must be plain and adequate, or as practical and efficient to the ends of justice and its prompt administration as the remedy in equity. An injured party is entitled to relief by injunction when there is not clear, full and adequate relief at law. Sumner v. Crawford, 91 Tex. 129, 41 S.W. 994; Brazos River Conservation & Reclamation Dist. v. Allen, 141 Tex. 208, 171 S.W.2d 842.

In Crawford, supra, the court said: "If as here, the applicant shows a clear right to be left in the undisturbed possession of certain property, and that such right is about to be invaded without semblance of right by another, such invasion, on principle, should be prevented in its incipiency by injunction instead of allowing the injury to be inflicted, and then leaving the party to his legally adequate, but in fact generally very inadequate, remedy of an action for damages."

See also: Hunt v. Merchandise Mart, Tex.Civ.App., NRE, 391 S.W.2d 141; Baucum v. Texam Oil Corp., Tex.Civ.App., NRE, 423 S.W.2d 434; Long v. Castaneda, Tex.Civ.App., NRE, 475 S.W.2d 578.

Defendant's action is wrongful and intentional, and violative of contractual and real property rights; was carried out knowing plaintiffs had filed suit to prevent such action, and while such suit was pending.

■ Under the record we think plaintiffs' remedy at law for damages is not as practical and efficient to the ends of justice and its prompt administration, as that of injunction. Plaintiffs' point is sustained.

The case is reversed and remanded to the trial court with instructions to enter a

permanent injunction restraining defendant from further injecting the field and using same as a gas storage reservoir until all native gas has been produced therefrom.

Reversed and remanded.