Opinion issued December
30, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00837-CV

———————————

U.S. National Bank Association, Appellant

V.

Bobby Johnson, Appellee



 



 

On Appeal from the 434th District
Court

Fort Bend County, Texas



Trial Court Case No. 09-DCV-177382

 



 

 

MEMORANDUM OPINION

          This is a restricted
appeal from a no-answer default judgment.[1]  Appellee Bobby Johnston sued appellant U.S.
National Bank Association (USNBA) to quiet title to his house.  USNBA brings two issues, claiming there (1) is
error apparent on the face of the record because the judgment erroneously
granted relief not requested in Johnson’s petition and (2) is no other
independent basis for the permanent injunction. 
We agree and reverse.

Background

          In his pleadings, Johnson maintains
that he signed a note to payee Mortgage Investment Lending Associates, Inc. and
that USNBA claimed it was the current holder of the note, with authority to
receive payments and foreclose on Johnson’s house.  According to Johnson’s pleadings, USNBA has
collected payments from him, threatened foreclosure, and disparaged his credit.

          In his petition, Johnson lists two
“causes of action.”  First, he requests a
declaratory judgment (a) holding that USNBA is not the holder of the note, (b)
determining the identity of the note’s holder, and (c) calculating the amount
owed on the note.  Second, he requests a
permanent injunction requiring USNBA “to cease and desist from entering and
taking possession of the [house] or otherwise interfering with [his] right to
the quiet enjoyment and use of the [house]; proceeding with or attempting to
sell or foreclose upon the [house]; and attempting to purchase, transfer,
assign or collect on the Note.”

          After USNBA did not appear, Johnson
filed a “motion for entry of default and default judgment” in which he stated
he was “seeking an Order of Quiet Title” and prayed that the district court
render a default judgment that “Title is quieted sole in the name of the
Plaintiff.”[2]  The district court rendered a final default judgment
that (1) quieted title in the house in Johnson as against USNBA and (2)
enjoined USNBA from (a) entering and taking possession of the house or
otherwise interfering with Johnson’s right to the quiet enjoyment and use of
the house, (b) attempting to sell or foreclose on the house, and (c) attempting
to purchase, transfer, assign, or collect on the note.

Discussion

Restrictive appeal

          A party can prevail in a restricted
appeal only if: (1) it filed a notice of the restricted appeal within six
months after the judgment was signed; (2) it was a party to the underlying
lawsuit; (3) it did not participate in the hearing that resulted in the
judgment complained of and did not timely file any postjudgment motions or
requests for findings of fact and conclusions of law; and (4) error is apparent
on the face of the record.  Ins. Co. of State of Pa. v. Lejeune, 297
S.W.3d 254, 255 (Tex. 2009).  The only
element at issue in this case is the fourth: whether there is error apparent on
the face of the record.  USNBA claims the
district court either erred in quieting title because Johnson did not plead
that cause of action in his petition, or erred in granting more relief than
Johnson requested.

          A judgment must be based upon
pleadings.  “(A) plaintiff may not
sustain a favorable judgment on an unpleaded cause of action, in the absence of
trial by consent.”  Stoner v. Thompson, 578 S.W.2d 679, 682 (Tex. 1979) (quoting Oil Field Haulers Ass’n v. R.R. Comm’n,
381 S.W.2d 183, 191 (Tex. 1964)).  In
determining whether a cause of action was plead, a plaintiff’s pleadings must
be adequate for the court to be able, from an examination of the pleadings
alone, to ascertain with reasonable certainty and without resorting to
information from another source, the elements of plaintiff’s cause of action
and the relief sought with sufficient information upon which to base a judgment.  Stoner,
578 S.W.2d at 683.  Mere formalities,
minor defects, and technical insufficiencies will not invalidate a default
judgment in which the petition states a cause of action and gives “fair notice”
to the opposing party of the relief sought. 
Id.  Texas Rules of Civil Procedure 45(b) requires
a “statement in plain and concise language of the plaintiff’s cause of action”
that gives “fair notice to the opponent [of] . . . the allegations as a whole,”
and Rule 47(a) requires “a short statement of the cause of action sufficient to
give fair notice of the claim involved.” 
A default judgment is erroneous if the plaintiff’s petition does not
give fair notice of the claim asserted.  Stoner, 578 S.W.2d at 684–85.

          Johnson plead for a declaratory action,
which is authorized by the Uniform Declaratory Judgments Act.  Tex.
Civ. Prac. & Rem. Code Ann. §§ 37.001–.011 (West 2008).  The Act allows a court “to declare rights,
status and other legal relations.”  Id. § 37.003(a); see City of El Paso v.
Heinrich, 284 S.W.3d 366, 370 (Tex. 2009).  Johnson’s petition specifically requests a
declaratory judgment (a) holding that USNBA is not the holder of the note, (b)
determining the identity of the note’s holder, and (c) calculating the amount
owed on the note.

Suit to quiet title

          We first determine whether Johnson’s
petition states a cause of action to quiet title.  The Texas Supreme Court long ago explained
the purpose of quieting title, which determines possession, as opposed to
ownership:

The action to quiet title to land
. . . must embrace all that class of cases necessary to the protection of the
fullest right to land recognized by law, but not declared such as will support
an action of trespass to try title, or like remedy.  Considered technically, a suit to quiet
title, except in those cases in which it is permitted to establish a right
between one person and many others claiming distinct and individual interests,
is limited to cases in which a person in possession seeks relief against one
who has repeatedly, and without success, sought to obtain possession by the
common-law action of ejectment.  That
action was simply a possessory action, and no question of title was settled by
it; hence the necessity, frequently, for a suit to quiet title.  The action of trespass to try title serves
the purposes of an action of ejectment in this state; but in it the question of
title, as well as right to the possession, is determined and as fully settled
as it could be by a suit to quiet title; hence seldom, if ever, could a suit to
quiet title, technically considered, be here necessary.  The suits contemplated must be suits of
broader purpose, embracing suits founded even on equitable titles instituted to
remove cloud from such title, and suits necessary, . . . as occasion may
require it, to enable the holder of the feeblest equity to remove from his way
to legal title any unlawful hinderance having the appearance of better right.

 

Thomson v. Locke, 1 S.W.
112, 115 (Tex. 1886).  A cloud on title
exists when an outstanding claim or encumbrance is shown which, on its face, if
valid, would affect or impair the title of the owner of the property.  Accordingly, the elements of the cause of
action to quiet title are that the plaintiff must show (1) an interest in a
specific property, (2) title to the property is affected by a claim by the
defendant, and (3) the claim, although facially valid, is invalid or
unenforceable.  Sadler v. Duvall, 815 S.W.2d 285, 293 n.2 (Tex. App.—Texarkana
1991, writ denied); Best Inv. Co. v.
Parkhill, 429 S.W.2d 531, 534 (Tex. Civ. App.—Corpus Christi 1968, writ
dism’d); see 17 William V. Dorsaneo III et al., Texas
Litigation Guide § 257.02[1] (2004).

          Although Johnson’s petition did not
explicitly identify a cause of action with the heading “suit to quiet title,” it
does set out the following: (1) Johnson’s claim that he owns the house; (2) that
USNBA asserts itself as the holder of the note on the house, threatened
foreclosure, and disparaged his credit; and (3) his challenges as to whether USNBA
is the current note holder.  Johnson’s
petition, therefore, gave fair notice to USNBA of the elements of a cause of
action to quiet title.

          This does not, however, end our
inquiry.  Johnson could have plead for a
declaratory action quieting title but did not. 
Instead, he specifically requested that the trial court “issue a
declaratory judgment that (a) Defendant is not the holder of the Note; (b) a
declaration of which party is the current Holder of the Note if such
information can be obtained, and (c) the amount owed on the Note” and
“specifying their [sic] and Defendant’s rights and duties in connection with
the Note.”  When the district court,
however, quieted title to the house in Johnson as against USNBA and, thus, granted
more relief than Johnson requested, it erred. 
See Mullen v. Roberts, 423 S.W.2d 576, 579 (Tex. 1968) (holding default
judgment must accord with pleadings); Binder
v. Joe, 193 S.W.3d 29, 33 (Tex. App.—Houston [1st Dist.] 2006, no pet.)
(error apparent on face of record when trial court granted relief in excess of
that plead).[3]

          We sustain issue one.

Injunctive relief

          In its second issue, USNBA contends
that the district court’s grant of injunctive relief should be reversed because
Johnson’s request for a permanent injunction was based solely on his pleading
for a declaratory action.  We agree.  Johnson’s petition does not state an
independent statutory basis for injunctive relief, but instead is “[b]ased on
the facts above,” referring to the declaratory action.  Unless a statutory ground exits for
injunctive relief, the general rule at equity is that before injunctive relief
can be obtained, it must appear an adequate remedy at law does not exist.  Butnaru
v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (quoting Republic Ins. Co. v. O’Donnell Motor Co.,
289 S.W. 1064, 1066 (Tex. Civ. App.—Dallas 1926, no writ)).  Johnson is not entitled to injunctive relief
in light of our disposition of issue one.

          We sustain issue two.

Appellate relief

          Johnson requests, in the alternative,
that if this Court reverses the district court’s judgment, that we render the
judgment the district court should have rendered, i.e., issue a declaratory
judgment that USNBA is not the holder of the note, quiet title to the house on
that basis in Johnson against USNBA, and grant injunctive relief.  See
Tex. R. App. P. 43 (“When
reversing a trial court’s judgment, the court must render the judgment that the
trial court should have rendered, except when: (a) a remand is necessary for
further proceedings; or (b) the interests of justice require a remand for
another trial.”).  Johnson cites to one
default‑judgment case, which is distinguishable.

          In Church
v. Quick, the Fourteenth Court of Appeals modified a divorce decree to
remove void portions of the decree, and as so modified, affirmed.  Church
v. Quick, No. 14‑08‑00131‑CV, slip op. at 8, (Tex.
App.—Houston [14th Dist.] July 14, 2009, no pet.) (mem. op.), available at http://www.14thcoa.courts.state.tx.us/opinions/PDFopinion.asp?OpinionID=85924; see Tex. R. App. P. 43.2(b).[4]  The error in the judgment before this Court
is reversible error, not void.  See
Browning v. Prostok, 165 S.W.3d 336, 346 (Tex. 2005) (“A judgment is void
only when it is apparent that the court rendering judgment ‘had no jurisdiction
of the parties or property, no jurisdiction of the subject matter, no
jurisdiction to enter the particular judgment, or no capacity to act.’”).

          Johnson acknowledges that in cases of legally
insufficient default judgments, Texas appellate courts do not render judgment.[5]  See
Holt Atherton Indus., Inc. v. Heine,
835 S.W.2d 80, 86 (Tex. 1992) (“Texas courts view an appeal from a default
judgment somewhat differently than an appeal from a trial on the merits.  In part, this is because an adjudication on
the merits is preferred in Texas.”). 
Because default judgments are highly disfavored, we hold that reversing
the district court’s erroneous default judgment and rendering a nonerroneous
default judgment would not be in the interest of justice.

          Accordingly, we reverse the district
court’s default judgment and remand the case to the district court for further
proceedings.  See Tex. R. App. P.
43.2(d).         

          

 

 

                                                                   Jim
Sharp

                                                                   Justice


 

Panel
consists of Justices Jennings, Sharp, and Brown.

 











[1]        See Tex. Civ.
Prac. & Rem. Code Ann. §§
51.102–.013 (West 2008 & Supp. 2011) (authorizing appeal by writ of error,
now restricted appeal); Tex. R. App. P.
30 (restricted appeal); Tex. R. App. P.
239 (default judgment).





[2]        A motion,
of course, is not a pleading.  See Tex.
R. Civ. P. 78 (defining plaintiff’s pleadings as original petition and
such supplemental petitions as may be necessary).





[3]        Johnson
argues that his general prayer for relief was sufficient to authorize the
additional relief, citing Stoner, 578
S.W.2d at 684.  Stoner, however, held that absent mention of damages in the
pleadings, a general prayer did not authorize a default-judgment award of
$50,000 in damages, and is not applicable to Johnson’s argument.  Id.
at 683–84.





[4]        Modifying
a trial court’s judgment and affirming it as modified is the functional equivalent
of reversing the trial court’s judgment and rendering the judgment the trial
court should have rendered.  See Tex.
R. App. P. 43.2(c).

 





[5]        In cases
in which the appellee files a remittitur, appellate courts have rendered
judgment when reversing default judgments that awarded damages in excess of the
amount plead for in the petition.  See, e.g., Mahon v. Caldwell, Haddad, Skaggs, Inc., 783 S.W.2d 769, 772 (Tex.
App.—Fort Worth 1990, no pet.).  We note
that in Mahon, the Fort Worth Court
of Appeals stated it would reverse and remand for trial if the remittitur was
not filed.  Id.