MENDELSOHN et al. v. GORDON et al.

(Court of Civil Appeals of Texas. Galveston. April 9, 1913. Rehearing Denied May 1, 1913.)

1. APPEAL AND ERROR (§ 100*)—DECISIONS APPEALABLE—TEMPORARY INJUNCTIONS.

Under Rev. Civ. St. 1911, art. 4644, providing that any party to a civil suit may appeal from an order or judgment granting, refusing, or dissolving a temporary injunction, a party may appeal from an order modifying a temporary injunction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 670–680; Dec. Dig. § 100.*]

2. RELIGIOUS SOCIETIES (§ 24*)—SCHISMS—JURISDICTION OF CIVIL COURTS.

In disputes between factions of religious societies, the civil courts can determine only those affecting property rights, and ecclesiastical or doctrinal questions will be inquired into only so far as to determine such rights.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 154–157; Dec. Dig. § 24.*]

3. RELIGIOUS SOCIETIES (§ 24*) — TEMPORARY INJUNCTIONS—MODIFICATION.

Plaintiffs, who represented the minority faction in a dispute between the members of a religious society, obtained a temporary injunction restraining defendants, who controlled the organization, from expelling plaintiffs as members, from taking in new members or paying out the funds of the corporation, except for the purpose of paying salaries, and from holding business meetings. Held, that a modification of this injunction permitting the holding of business meetings, the admission of new members, and the collection of dues was not a matter of which plaintiffs could complain, the injunction expressly protecting them and the property in controversy from liability for any debts incurred by defendants and continuing in force the order restraining expulsion, for the civil courts have authority only to determine controversies between factions in religious societies which affect property rights, and cannot determine doctrinal questions except in so far as they involve such rights; the modification in this case not affecting plaintiffs' property rights.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 154–157; Dec. Dig. § 24.*]

4. INJUNCTION (§ 132*)—TEMPORARY INJUNCTIONS—SCOPE OF RELIEF.

A temporary injunction cannot be used to divest property from one party to another; the only legitimate scope of such a remedy being to preserve the status quo of the parties' rights until the determination of the litigation.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 302; Dec. Dig. § 132.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

**5. APPEAL AND ERROR (§ 954*)—REVIEW—DIS-
CRETION OF TRIAL COURT.**

Where the trial court modified a temporary injunction at the request of defendants, such order cannot be disturbed on appeal because, at the time of the modification, defendants were in contempt and might have been denied any relief on that ground; the trial court not being bound to deny relief for that reason.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3818–3821; Dec. Dig. § 954.*]

Appeal from District Court, Harris County; Norman G. Kittrell, Judge.

Suit by Charles Mendelsohn and others against Abe Gordon and others. From an order modifying a temporary injunction, plaintiffs appeal. Affirmed.

See, also, 155 S. W. 571; 156 S. W. 1152.

Love & Channell, of Houston, for appellants. John Lovejoy and L. E. Blankenbecker, both of Houston, for appellees.

PLEASANTS, C. J. This is a suit by appellants against the appellees involving the right to the possession, use, and control of a synagogue building, schoolhouse, cemetery, and other property belonging to the Congregation Adath Yeshurun, a religious corporation organized under the laws of this state. Plaintiffs and defendants are all members of said religious organization. The petition alleges: That said corporation was formed and said property acquired for and dedicated to the support of religious services according to well-defined doctrines of faith and practice and in accordance with certain rites and ceremonies set forth and alleged by the plaintiffs. It was further alleged that the defendants had changed and abrogated the doctrines of faith and practice and the rites and ceremonies which obtained when said corporation was organized and its property purchased and dedicated, and were attempting to set up and maintain in the synagogue of said congregation certain other and fundamental different religious doctrines of faith and practice and different rites and ceremonies, and were using, and attempting to use, the property of said congregation for the support and maintenance of said new and different doctrines of faith and practice and rites and ceremonies, and were thus diverting said property and the use thereof from that for which it was originally purchased, acquired, and dedicated, to the injury of the rights of the plaintiffs as members of said congregation. It was further alleged that the defendants, who were officers of said Congregation Adath Yeshurun, were threatening to expel plaintiffs as members of said congregation and to misapply and misappropriate the funds and property thereof and to take into said organization new members for the purpose of aiding them in the misappropriation and diversion of the property and funds of said congregation. The prayer of the petition was for an injunction to restrain the defendants from thus diverting the property and funds of said congregation or using the same for the purposes and objects sought by the defendants and restoring and recognizing the doctrines of faith and practice and the religious rites and ceremonies originally designed by said congregation as the objects and purposes thereof, and to promote which its property was acquired and dedicated, and restraining the defendants from interfering with the use of said property for such purposes. There is also an alternative prayer in the petition for the dissolution of the corporation and a partition of its property.

Upon this petition a temporary injunction was granted by the trial judge on December 29, 1911, restraining the defendants from expelling any of plaintiffs as members of said congregation, and from taking in new members or paying out the funds of the corporation, except for the purpose of paying the salaries of its officers, and also from holding any business meeting or transacting any of the business of said congregation. This order was subsequently modified so as to permit the defendants to collect dues from the members and to enforce the by-laws of the congregation, which provide for the suspension and expulsion of members who fail or refuse to pay their dues. Thereafter, on December 14, 1912, upon the application of the defendants, the injunction was further modified by the following order made by the judge after hearing the application of defendants and affidavits in support thereof and the answer of plaintiffs:

"(1) That said injunction be so modified as to permit the defendants to hold business meetings, and to elect a rabbi and a teacher, and carry on the school and to receive new members into the congregation and to collect dues from such members, and from all members who are defendants, all the expenses of the congregation to be borne by them, and that no liabilities incurred by such congregation so conducted shall be charged against or to be fixed as a liability upon any of the property of the congregation, but the status of said property as regards liabilities upon it shall remain in statu quo, save and except as the same may be changed by payment in whole or in part of the liabilities now fixed by liens against it or by extension of such indebtedness."

"(5) It is further ordered that the rights of any new members who may be received by defendants as a congregation, to any of the benefits of or liabilities arising from this litigation, is not herein determined; that question being left open to be determined hereafter according to the law applicable to the rights of those who become or may be alleged to have become, parties to pending litigation."

From this order plaintiffs prosecute this appeal.

[1] The effect of this order was to dissolve that portion of the temporary injunction which restrained defendants from taking in new members and from holding business meetings and transacting the business of the congregation, and we think under the statute (article 4644, Revised Statutes 1911), which gives the right of appeal from an order granting, refusing, or dissolving a temporary injunction, this court has jurisdiction to entertain this appeal.

[2, 3] The first assignment of error presented in appellants' brief is as follows: "The court erred in making and entering said order and decree, and especially paragraph 1 thereof, because the evidence upon which the same was granted was wholly insufficient to authorize the dissolution of the temporary injunction which had theretofore been entered for the preservation of the status quo of the rights and privileges of the plaintiffs and defendants with respect to the subject-matter of the suit."

The application of defendants upon which this order modifying the temporary injunction was made contains the following allegations: "That said congregation is now paying and taking care of many heavy items of expense in the conduct of the organization. That the salaries of the rabbi and teachers of the school and many other necessary and heavy expenses are being met, and a large sum is owing and a part of it due by the congregation. That, under the injunction of the court, no business can be transacted other than as modified by the order of the court, above mentioned. That, the congregation not being able to take in new members, a large and heavy burden for the current expenses and fixed indebtedness is laid upon the members. That many persons who desire to become members of the congregation for religious instruction and comfort and for the education and proper instruction of their children are denied the privilege of becoming members. That it is necessary for the protection of the property of the congregation that the court grant them the power to hold business meetings, where urgent matters relating to the payment of the indebtedness and the current running expenses may be attended to. That the taking in of new members who will pay their dues to and aid in carrying forward the work of the congregation in a financial and religious way, and in helping to defray the expenses of the school, and in providing ways and means for meeting the fixed indebtedness on the property of the congregation, is a matter of grave importance. That the defendants will be irreparably damaged unless said injunction is thus modified to allow it to initiate and take in members and to hold its regular business meetings as provided by the by-laws to provide for the financial condition of the congre-

gation. That, without such authority, its welfare will be placed in great and irreparable jeopardy." This application was not sworn to, but the affidavits and evidence offered by defendants in support thereof fully sustain its allegations as to the necessity of increasing the membership of the congregation in order to meet the expenses of caring for the property and carrying on the educational and religious activities of the organization, and that, in order to raise such revenue, the defendants must be allowed to hold business meetings and take in new members. These facts amply justified the trial judge in modifying the temporary injunction as requested by the defendants.

We cannot understand upon what ground plaintiffs can object to this order. By its express terms neither plaintiffs nor the property in question can be held liable for any obligations incurred by the defendants, and the new members which defendants may take into their organization can have no voice or be given any consideration in determining the issues between plaintiffs and the defendants as to the right of possession and control of the property of the congregation.

In disputes between factions of religious societies the only questions which the civil courts are authorized to determine are those affecting property rights. In such controversies ecclesiastical or doctrinal questions will only be inquired into so far as may be necessary to determine the property rights of the parties. First Baptist Church v. Fort, 93 Tex. 215, 54 S. W. 892, 49 L. R. A. 617; Peace v. First Christian Church of McGregor, 20 Tex. Civ. App. 85, 48 S. W. 534; Clark v. Brown, 108 S. W. 421. It cannot possibly injure plaintiffs for defendants to hold business meetings, elect a rabbi and teacher to carry on their school and take in new members, when neither plaintiffs nor the property in controversy are made liable for any expenses defendants may incur.

[4] The evidence shows that the defendants are a majority of the organization and are in possession of the property, and the temporary injunction granted by the court did not restrain defendants from using the property or divest them of its possession pending a final hearing of the case. In fact, a temporary injunction could not be used for such purpose. Simms v. Reisner, 134 S. W. 278. The only legitimate use of a temporary injunction in this case would be to preserve the status quo of plaintiffs' rights in the property and protect and preserve the property pending the litigation. As before said, there is nothing in the order complained of which permits defendants to do any act which can injuriously affect plaintiffs' rights.

[5] There is no merit in the contention that defendants were not entitled to a modification of the injunction because they had been guilty of violating the temporary injunction theretofore issued, and were therefore in con-

tempt of court "and had no standing before the court for any equitable relief whatever." If it be conceded that this charge against the defendants is true and that the trial court would have been authorized for that reason to have refused their application for a modification of the injunction, he was not compelled to refuse it on this ground; and, having held that defendants should not be denied the right to a modification of the injunction because of their failure to obey the order granting said injunction, we are not authorized to disturb such holding.

We are of opinion that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.