MENDELSOHN et al. v. GORDON et al.

(Court of Civil Appeals of Texas. Galveston. April 9, 1913. Rehearing Denied May 1, 1913.)

RELIGIOUS SOCIETIES (§ 29*) — SCHISM IN CHURCH — PROTECTION OF PROPERTY—PENDING DETERMINATION.

Where plaintiffs and defendants were members of rival factions in a religious society, defendants being in possession of the society's property, it is proper, pending the determination of the rights of the parties upon a proceeding for an injunction, to permit defendants to mortgage the property, for money necessary for the protection, repairs, and maintenance of the same pending determination.

[Ed. Note.—For other cases, see Religious Societies, Cent. Dig. §§ 196–198; Dec. Dig. § 29.*]

Appeal from District Court, Harris County; Norman G. Kettrell, Judge.

Action by Charles Mendelsohn and others against Abe Gordon and others, involving the title to the property of a religious society. From an order authorizing the defendants to borrow money secured by a mortgage upon such property to protect it pending suit, plaintiffs appeal. Affirmed.

PLEASANTS, C. J. This is a companion case to one between the same parties, numbered 6,383 on the docket of this court, 156 S. W. 1149, and this day decided. For a statement of the nature of the litigation and the general issues involved, we refer to our opinion in cause No. 6,383, above mentioned.

After the order on December 14, 1912, from which the appeal in cause No. 6,383 was prosecuted, the judge of the court below on January 7, 1913, on application of defendants, further modified the original order granting the temporary injunction herein so as to permit defendants to borrow the sum of $2,495.25 to pay indebtedness incurred by defendants prior to the institution of this suit for the benefit of both plaintiffs and defendants, and to pay for repairs necessary for the protection and preservation of the property in controversy, and to execute a

mortgage upon said property to secure the sum so borrowed. From this order plaintiffs in the court below prosecute this appeal.

The order, after authorizing the defendants to borrow the sum above mentioned and execute a mortgage upon the property to secure same, contains the following recitations: "It appearing to the court that all of said above-named sum, save the sum of $1,000, has already been paid out by defendant members or incurred legitimately by them for current salaries and expenses of the congregation before the filing of this suit and for the benefit of both plaintiff and defendant members, and for interest on the indebtedness fixed by lien on the real property of the congregation hereinafter described, which indebtedness was incurred and contracted for before the filing of this suit, and for general repairs on the property of the congregation for the protection and benefit and upkeep thereof, and for insurance premiums. * * * It appearing to the court that it is necessary for the protection and preservation of the synagogue and buildings upon the hereinafter described property to expend thereon immediately the sum of $1,000 in repairs, it is ordered by the court that said amount be so expended for such purpose, and that the said repairs be done under the direction of the court; the contract therefor and the expenditures to be approved by the court before being entered into and made."

The evidence in the record is sufficient to sustain the fact findings of the trial judge above set out, and upon these facts the court was authorized to make the order allowing the defendants to borrow the money for the purposes stated and to secure its payment by a mortgage upon the property. The defendants ought not to be required, pending the determination of this suit, to pay debts which were a charge upon the congregation and its property before the suit was instituted, and to pay the necessary costs of the preservation of the property, and the order does no more than permit the defendants to charge the property with such debts and costs. The judgment is affirmed.

Affirmed.