## ALLEN et al. v. KNOX et al.   (No. 1850.)

(Court of Civil Appeals of Texas. Texarkana.
May 25, 1917. Rehearing Denied
June 14, 1917.)

**1. INJUNCTION ⬤⇒132 — TEMPORARY INJUNCTION—FUNCTION.**

The function of a temporary injunction is to afford preventive relief only.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 302.]

**2. INJUNCTION ⊚⇒136(1)—STATUTE.**

By Rev. St. art. 4643, subd. 2, injunction pending litigation is authorized when it is made to appear that a party is doing some act prejudicial to the applicant.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 305.]

**3. INJUNCTION ⊚⇒142 — APPLICATION FOR TEMPORARY INJUNCTION BY ONE · NOT A PARTY.**

Where a lumber company, not a party defendant to an action in trespass to try title, joined with defendants in such action in an application for a temporary injunction to have plaintiffs restrained from cutting and removing the timber from the land in suit, the lumber company became a party defendant, and, in view of the allegations of the application, cannot be regarded as a mere volunteer having no right to invoke the right of injunction.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. § 314.]

Appeal from District Court, Cherokee County; Jno. S. Prince, Judge.

Action by J. F. Allen and others against Hiram Knox and others. From an order granting the application of two defendants and another, not a party, for temporary injunction, plaintiffs appeal. Affirmed.

Perkins & Perkins and Thos. Shearon, all of Rusk, for appellants. John C. Box, of Jacksonville, Mantooth & Collins, of Lufkin, and Webber & Webber, of Texarkana, Ark., for appellees.

LEVY, J. Appellants, plaintiffs in the court below, brought an action in trespass to try title to 120 acres of land against Emma Ellis and her husband, B. B. Perkins, Lizzie Harris, Hiram Knox, and the North Texas Lumber Company. Hiram Knox, the North Texas Lumber Company, and the Southern Pine Lumber Company made application for temporary injunction, which was by the judge granted, to have the plaintiffs restrained from cutting and removing the timber from the land in suit. The appeal is by the plaintiffs to have the order revised.

[1, 2] The application for the restraining order sufficiently alleges grounds for issuing the temporary restraining order to maintain the status quo of the timber pending the determination of the rights of the parties. The function of the writ is to afford preventive relief only. The statute authorizes injunction when it is "made to appear that a party is doing some act prejudicial to the applicant." Article 4643, subd. 2, R. S.; Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994.

[3] Joining with the other defendants in the application for injunction, as the Southern Pine Lumber Company did, has the legal effect of making such company a party defendant to the suit; and the said company, in virtue of the allegations in the application, may not be regarded as a mere volunteer having no right to invoke the right of injunction.

Affirmed.