OBETS & HARRIS v. SPEED. (No. 998.)

(Court of Civil Appeals of Texas. El Paso. April 10, 1919. Rehearing Denied May 1, 1919.)

1. APPEAL AND ERROR ⟝554(3) — REVIEW — DISSOLUTION OF TEMPORARY INJUNCTION — RECORD.

On appeal from order dissolving temporary injunction, where there is no statement of facts and no information for appellate court as to any evidence which may have been heard and considered by the court except the affidavits filed, the court will affirm order of dissolution, unless the facts shown by the petition and motion to dissolve disclosed order to be erroneous.

2. LANDLORD AND TENANT ⟝110(1)—FORFEITURE OF LEASE—ABSENCE OF LESSEE.

Where lessees were not in default for the rent, lessor had no right to forfeit lease because the lessees had for about two months left the premises; lessee not being required to remain in physical possession of premises at all times.

3. INJUNCTION ⟝136(2)—PRELIMINARY INJUNCTION—TRANSFER OF POSSESSION PENDING ADJUDICATION OF TITLE.

It is not the function of a preliminary injunction to transfer the possession of land from one person to another pending an adjudication of title; unless the possession has been forcibly or fraudulently obtained by the defendant and the equities require that the possession wrongfully invaded be restored and original status preserved pending the decision of the issue of title.

4. LANDLORD AND TENANT ⟝132(2)—UNAUTHORIZED FORFEITURE OF LEASE — INJUNCTION—RESTORATION OF PREMISES.

Where lessor has wrongfully undertaken to forfeit a leasehold interest and to repossess himself of the premises, without lessees' being in default of rent, lessees are entitled to an injunction restoring possession of premises from which they have been wrongfully evicted, and that lessor be restrained from interfering with their right to possession, under Rev. St. 1911, art. 4643.

5. INJUNCTION ⟝137(1) — TEMPORARY INJUNCTION — UNAUTHORIZED FORFEITURE OF LEASEHOLD INTEREST.

In lessee's action against lessor to recover leased premises, where it appears that lessor's forfeiture of leasehold interest and repossession are unwarranted, lessees' right to a temporary injunction, requiring restoration of the possession of the premises to lessee and restraining lessor from interfering with such possession, will not be denied upon ground that to grant such injunction will be to grant all the relief that is to be obtained upon a final decree.

Appeal from District Court, Presidio County; Joseph Jones, Judge.

Action by Obets & Harris against R. E. Speed. From order dissolving temporary injunction, plaintiffs appeal. Reversed and remanded.

Mead & Metcalfe, of Marfa, for appellants. W. C. Jourdan, of Marfa, and Jos. M. Nealon, of El Paso, for appellee.

HIGGINS, J. Appellee, Speed, by written contract leased to appellants Obets and Harris an irrigated farm for five years from January 1, 1918. To cover the rental appellants gave five notes, payable, respectively, on January 1, 1919, 1920, 1921, 1922, and 1923. It was provided that the lease should become void upon failure to pay any of the notes as they matured. Speed agreed to complete the clearing of a portion of the land, to put in two headgates in the main ditch, and to furnish all necessary water to irrigate the land for farming. Appellants agreed to complete the clearing of the remainder of the land, to place all necessary laterals for irrigation, and to place the land in good state of

⟝For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

cultivation. Other provisions of the contract are not material to a consideration of this appeal.

On January 14, 1919, Speed procured the issuance of a distress warrant which was levied upon certain property upon the premises. The warrant and citation issued by the justice was made returnable to the district court. Thereafter Speed filed his petition in the district court, declaring upon the note due January 1, 1919, and sought judgment thereon with foreclosure of the landlord's lien upon the property seized under the distress warrant.

Appellants answered, setting up a breach upon the part of Speed of his obligation to put in the two headgates in the main ditch and to furnish water for the irrigation of the land as he had agreed to do, and reconvened for damages; further alleged that in December, 1918, Speed agreed to extend until February 1, 1919, the rent note which matured on January 1, 1919, and agreed not to distrain or otherwise attempt to enforce the collection of said note until February 1, 1919.

In February, 1919, the cause was tried and submitted to a jury upon special issues, and the following facts found:

That Speed had not furnished all the necessary water to irrigate the land for farming purposes during the year 1918, and did not put in the necessary headgates on the main canal in the manner and time they should have been put in, in order to allow the required water to flow from the main canal onto the premises; that appellants had suffered loss by reason of Speed's failure to furnish the necessary water, and that his failure to put in the required headgate caused, or contributed to cause, loss to appellants' crops on account of the lack of necessary water; that appellants put in the necessary laterals to properly distribute the water on the premises from the main canal; that appellants had properly prepared, planted, cultivated, and harvested the various crops which they attempted to grow on the premises, and that the net loss of the appellants, by reason of Speed's failure to furnish the necessary water to the various crops, amounted in the aggregate to the sum of $1,500; that Speed agreed with appellants, some time in the latter part of December, 1918, or at some other time prior to the levy of the distress warrant, to extend the payment of the first $1,200 rent note until February 1, 1919, and that prior to February 1, 1919, appellants had the money available to pay said note; that appellants would, if Speed had accepted it and agreed to permit them to continue their lease, have paid the said note with the accrued interest thereon on or before February 1, 1919; that appellants constructed proper laterals to irrigate the land in question, and had constructed the same in time to have watered the land and in time to have used the water in the canal previous to the time the headgate was put in.

Other issues of fact in this case raised by Speed were determined against him by the jury, but it is not necessary to detail same. Upon the findings of the jury the court in that case (which was No. 2502) entered judgment that Speed take nothing by his suit, and that upon their cross-action, appellants have judgment against Speed for the sum of $180, being the difference between the amount of their damages established by the finding of the jury and the amount due upon the rent note with accrued interest sued upon by Speed. The record here before us discloses that an appeal was taken by Speed from the judgment rendered in that case, and is now pending in this court. On February 17, 1919, appellants presented their petition in the present suit to the district judge in chambers, setting up the rent contract; that they had entered into possession of the premises, planted crops thereon, and otherwise discharged their obligation under the contract, that the defendant had failed to furnish water; that they had been damaged, setting up the judgment rendered in the other suit above mentioned; that about January 5, 1919, Speed had gone into possession of the premises, and had attempted to forfeit the lease, and had forcibly taken possession, and making other allegations not necessary to here detail. A temporary injunction was sought, requiring Speed to deliver up possession of the premises to appellants, together with all of their property thereon, and to allow them to peaceably go into possession, and peaceably work and cultivate same, and to restrain and enjoin Speed from interfering with their possession, working and cultivating the premises.

A writ of injunction was ordered issued as prayed for. Thereafter Speed filed a motion to dissolve the injunction, which was heard by the court in vacation, and the court, having heard the motion upon the petition, answer, evidence, and affidavits, dissolved the injunction, and from the order of dissolution, appellants prosecute this appeal.

[1] There is no statement of facts in the record, but the transcript contains the affidavits presented upon the hearing which have been filed under order of the court. Attached to the petition for injunction and made part thereof is the lease contract and a certified copy of the judgment rendered in the other suit, which judgment contains the special issues submitted to the jury in that case, with the jury's answer thereto. Incorporated in the transcript is also the petition filed by Speed in the other suit and appellant's answer and cross-action.

### Opinion.

We have been very greatly hampered in the consideration of this appeal by the failure of appellants to bring up a statement of facts. The court's order of dissolution discloses that the motion was heard on the petition, answer,

evidence, and affidavits. All affidavits were filed under the order of the court, and may properly be considered by us; likewise the petition and answer with the exhibits attached. But we have no information as to any other "evidence" which may have been heard and considered by the court. In this state of the record the order of dissolution must be affirmed, unless the facts shown by the petition and motion to dissolve disclose the order to be erroneous. The motion to dissolve is very lengthy, and we will not undertake to detail all of its allegations. Many of the allegations are denials of facts which have been decided against appellee by a jury, as shown by the verdict and judgment rendered against him in cause No. 2502. The only right he could have to forfeit and repossess himself of the premises would be for nonpayment of the rent note maturing January 1, 1919. The findings of the jury and judgment in cause No. 2502 show that this ground of forfeiture did not exist, for it was established that he had extended the payment to February 1, 1919, whereas, he dispossessed appellants about January 5, 1919; furthermore, it was established that the obligation upon this note had been more than extinguished by the counterclaim successfully asserted by appellants in cause No. 2502. It thus appears that while appellants had done nothing to forfeit their leasehold interest and were entitled to the possession of the premises, the appellee had nevertheless dispossessed them and excluded them from the premises. The only allegations in the motion to dissolve which can be invoked as justifying his action is that at the time he took possession appellants had gone away from the premises, and for about two months had abandoned same, and left them unprotected, and that he went into possession peaceably. In the first place these allegations as to abandonment of possession are contradicted by other allegations in the motion, which show that at that very time appellants were still keeping some of their horses and hogs upon the premises; that they also had 1,200 bales of hay there, being the same hay which he had caused to be levied upon as appellants' property under the distress proceedings. So his broad allegation of abandonment of possession is rebutted by specific allegations of fact showing that appellants were keeping personal property on the premises.

[2] But suppose on January 5, 1919, appellants were not in pedal possession. Did that fact give the landlord the right to forfeit the leasehold interest and repossess himself of the premises? The contract does not so provide. And we know of no rule of law which requires a lessee to remain at all times in physical possession of leased premises. And in this connection it may be remarked that the affidavit of Obets which was before the court shows that his absence from the land was due to illness and other proper reasons. We are therefore of the opinion that, as disclosed by the bill and answer, the action of Speed in undertaking to forfeit the leasehold interest was unwarranted; appellants not being in default for the rent. Since this action was unwarranted, he had no right to repossess himself of the premises and withhold possession from appellants.

[3] The question now arises as to the propriety of restoring possession to appellants by injunction. The rule is recognized that it is not the function of a preliminary injunction to transfer the possession of land from one person to another pending an adjudication of title, unless the possession has been forcibly or fraudulently obtained by the defendant and the equities require that the possession thus wrongfully invaded be restored and the original status preserved pending the decision of the issue of title. Simms v. Reisner, 134 S. W. 278.

[4] But this proceeding presents no controversy over the title, but is for the purpose of protecting appellants against an unwarranted forfeiture of their leasehold interest admitted to have been granted by Speed, and for the protection of that interest. In such cases the right to an injunction restoring the possession to a tenant wrongfully evicted is recognized. Town-site Co. v. McFaddin et al., 56 Tex. Civ. App. 611, 121 S. W. 716; Creamery Co. v. Electric Park Co., 138 S. W. 1106.

Furthermore our statute provides that injunctions may be granted "where it shall appear that the party applying for such writ is entitled to the relief demanded, and such relief or any part thereof requires the restraint of some act prejudicial to the applicant." Article 4643, R. S.

In this case it appears that appellants are entitled to relief against the attempted forfeiture of the lease. To adequately protect this right requires that appellee be restrained from interfering with their right of possession. This statute authorizes an injunction in this case. Sumner v. Crawford, 91 Tex. 129, 41 S. W. 994.

[5] Appellee contends that this is not a proper case for a temporary injunction, because to grant the same would be all the relief that could be obtained upon a final decree, and would practically dispose of the whole case. The principle invoked has no application to the present case. Under the authorities cited above the appellants were entitled to the injunction sought.

The order of dissolution is reversed, leaving the original order granting the injunction in effect. This order is not to interfere with the power of the district judge to dissolve the injunction for nonpayment of the rent notes subsequently maturing, or for other sufficient causes.

Reversed and remanded.