## NATIONAL MUT. ACC. INS. CO. v. DAVIS.
### No. 3725.

Court of Civil Appeals of Texas. Amarillo.

Feb. 3, 1932.

Madden, Adkins, Pipkin & Keffer, of Amarillo, for appellant.

Henry L. Ford, of Amarillo, for appellee.

JACKSON, J.

The plaintiff, L. I. Davis, sued the defendant, National Mutual Accident Insurance Company, in justice court of Potter county, Tex., on an accident and health accident insurance policy issued by the defendant to plaintiff and recovered judgment for $155, with interest and costs.

The defendant appealed from the judgment in the justice court to the county court of Potter county, Tex., and on a trial de novo before the county judge, without the intervention of a jury, plaintiff again obtained judgment for the same amount, with interest and costs, from which last judgment an appeal has been perfected to this court by the insurance company.

No question is made as to the sufficiency of the pleadings.

The appellant assigns as error the action of the county court in rendering judgment against it, as the record discloses that the appellee's disability began September 6, 1930, and ended September 28th thereafter, that the policy by its terms lapsed on September 3, 1930, for nonpayment of premium, and that the appellant had not waived the payment thereof.

The record discloses that on December 3, 1929, the appellant issued to appellee its insurance policy by which it agreed to pay appellee a weekly indemnity and certain hospital fees for disability resulting from disease originating thirty days after the date of the policy, provided such illness kept the appellee continuously within doors and resulted in total disability and total loss of time.

The provisions of the policy necessary to a disposition of this appeal provide, in substance, that, if default was made in the payment of the premium, subsequent acceptance thereof by the appellant or its authorized agent should reinstate the policy, but to cover only such sickness as might begin more than ten days after the date of the acceptance of the premium; that strict compliance on the part of the appellee with the provisions of the policy and the application therefor is a condition precedent to recovery, and a failure so to comply shall forfeit to the company all rights to indemnity; that the appellee agrees to make payments in the sum of $5.50 each month, and remit the same within ten days after notification to the home office, and

a failure to so remit automatically cancels all of the benefits by reason of the policy; that the policy is noncancelable by the company, except for nonpayment of premiums when due; that the date of payment of premiums shall be indicated from the issuance of the policy or ten days from date notification is mailed in Houston, Tex., but that the mailing of such notice is a matter of service to the appellee, and appellant assumes no responsibility for the failure to send such notices or for its nondelivery; and that an offer of reinstatement after the due date of any premium shall not be held a waiver of such conditions.

The application for the policy authorized the appellant to draw on appellee through the Amarillo National Bank at Amarillo, Tex., for the monthly premiums.

It is uncontroverted that appellee was totally disabled by illness, which began on September 6, 1930, and that such total disability lasted for a sufficient time to authorize the amount of the recovery, if appellant was liable.

The record shows that some time prior to November 6th the appellee, in writing, forwarded to the appellant by mail his claim for disability.

■ The record shows:

That the September premium was paid on the 17th day of September, which appellant acknowledged on September 22d to be the payment of premium to October 3d. That on October 3d and November 11th appellant acknowledged payment of the premiums to November 3d and December 3d, respectively.

That on August 25, 1930, on a regular form notice upon which was printed: "The sending of this notice shall not constitute a waiver of the policy conditions," the appellant wrote appellee that a premium payment on his policy would be due September 3, 1930, and advised him:

"Your protection is best assured by prompt remittance and we thank you in advance for your early attention to the matter. Your check should reach us not later than ten days from this date."

"We appreciate your business and believe you wish to keep your policy in force."

That on September 5th, and on September 15th, the appellant forwarded to appellee notices identical with the notice forwarded on August 25th. That on November 25, 1930, the appellant advised appellee by letter that the premiums on his policy had been paid to December 3, 1930.

The policy provided that the appellee: "Agrees to make payments in the sum of $5.50 each month and to remit same to the Home Office within ten days after notification," etc. And that a failure to do so cancels the benefits of the policy.

The appellant sent the third notice on September 15th for the premium due September 3d, and on September 22d acknowledged payment and receipt of said premium.

It will be observed that in none of the notices or receipts acknowledging payment of premiums is appellee advised that the policy lapsed and a reinstatement thereof required. On November 6th, by letter, appellant denied liability to appellee because of his failure to pay the premium due September 3d, but on September 22d, less than ten days after the last notice, appellant accepted said premium. On October 3d and November 11th, appellant acknowledged payment of premiums to November 3d and December 3d, and on November 25th, advised appellee that his premiums were paid to December 3d.

Except the letter of November 6th, appellant's receipts, notices, and letters implied that the policy was still valid and in existence, and in our opinion, if the policy had lapsed, appellant's statements and conduct were sufficient to authorize the finding of the court that the provision lapsing the policy had been waived. Equitable Life Assurance Society v. Ellis, 105 Tex. 526, 147 S. W. 1152, 152 S. W. 625; Underwood v. Security Life & Annuity Co., 108 Tex. 381, 194 S. W. 585; Occidental Life Ins. Co. v. Olive E. Jamora (Tex. Civ. App.) 44 S.W.(2d) 808.

■ The appellant assigns as error the action of the court in admitting, over its objection, appellant's letter dated November 25, 1930, advising appellee that the premiums on his policy were paid to December 3d, because the letter was incompetent, not authenticated, and related to a copy of a letter theretofore introduced by appellee (the admission of which copy is hereinafter discussed).

It appears from the face of said letter that it was written in reply to a letter received from appellee, dated November 23, 1930; it purports to have been signed by the president of the insurance company; and the record discloses that it was received by appellee in due course of mail.

22 C. J. 908, § 1111, reads as follows: "A letter received in due course of mail purporting to be written by a person in answer to another letter proved to have been sent to him is prima facie genuine and is admissible in evidence without proof of the handwriting or other proof of authenticity, especially where the alleged writer admits that he received and replied to a letter of the character claimed to have been written to him."

The rule here announced is approved by the Supreme Court of this state in Ullman Lewis & Co. v. P. S. Babcock, 63 Tex. 68; and by the Court of Civil Appeals of Texarkana in Western Union Telegraph Co. v. Sharp, 5 S. W.(2d) 567. This assignment is overruled.

The appellant presents as error the action of the trial court in admitting, over appellant's objection, the carbon copy of the letter which purports to have been written by appellee to appellant on November 23, 1930, asking if the policy he held "Is in effect and if I am in good standing?" because said carbon copy was not the best evidence, was incompetent, and it was not shown that the original of such letter was received by the appellant.

This case was tried before the court without the intervention of a jury, and the presumption prevails that he did not consider inadmissible testimony, and, the evidence being sufficient to warrant his finding, independent of this carbon copy, the admission thereof, if error, was harmless.

The judgment is affirmed.