## AMARILLO MUT. BENEV. ASS'N et al. v. SIMS et al.

### No. 3907.

Court of Civil Appeals of Texas. Amarillo.
June 15, 1932.

Rehearing Denied Oct. 19, 1932.

**330**

Cooper & Lumpkin, of Amarillo, for appellants.

Reynolds & Heare, of Shamrock, for appellees.

JACKSON, J.

The plaintiff, Mrs. Fannie J. Sims, joined pro forma by her husband Robert Y. Sims, petitioned the district judge of Wheeler county, Tex., in vacation, to issue a temporary injunction against the defendants, Amarillo Mutual Benevolent Association and its president J. R. Durrett.

She alleges: That the association is a duly organized mutual life insurance company engaged in writing insurance. That about December 31, 1931, said association issued to her certificate or policy No. 4177, in lieu of a former certificate theretofore issued to and held by her and that she has been a member of said association in good standing for nine years. That her certificate or policy of insurance in said association provides that:

"The aforesaid member agrees to pay all assessments levied as needed by the Board of Directors as set out in Article 6 hereof, within fifteen days from date of such assessment; and to pay semi-annual dues in the sum of $1.00 on or before May 1st and $1.00 on or before November 1st of each year; and failure to pay any assessment or semi-annual dues within the time limit specified shall automatically lapse this certificate which shall in such event remain null and void and without force or effect unless and until reinstated as provided in Art. VII of the By-laws.

"It shall be the duty of the member holder hereof to keep the Secretary of this Association informed at all times of his or her proper address and in sending out notices of assessments, dues, or annual meetings, it shall be necessary only for this Association to mail a written or printed notice, first class, to the latest record address of the insured and failure of the insured to receive mails or for any other reason shall entail no liability upon this Association."

That said certificate is valid and outstanding and she is entitled to receive notice of all assessments levied against the members in order that she may pay such assessments within the time prescribed to prevent her insurance from lapsing for nonpayment of such assessments. That she has for many years made prompt and satisfactory payment of such dues, assessments, and premiums as the defendants have required. That the defendants are asserting that she is not a member in good standing and refusing to mail to her notice of the assessments levied. That she has no other way of ascertaining that assessments have been levied and hence cannot pay such assessments, the failure to pay any one of which, within the time, would lapse her certificate. That she has tendered all assessments about which she has learned, all of which have been refused by the defendants, who contend that she is not a member and not entitled to the rights and benefits as a member under her certificate. That owing to the condition of her health at this time she could not obtain any character of insurance on her life, and, if her policy is permitted to lapse or the defendants are permitted to terminate her insurance, as herein alleged, it would leave her without life insurance.

That the Amarillo Mutual Benevolent Association is a mutual insurance company and depends upon the payment of assessments by its members for its funds with which to pay off all legitimate demands against it. That it is without any property with which it could respond in damages and it would work a great injustice and injury and irreparable damages to her if her policy should lapse or be canceled, and that she has no adequate remedy at law for her protection.

The plaintiff prays that the court issue a temporary writ restraining the defendants from canceling her policy of insurance and commanding them to notify her of all assessments levied upon the members of the association for which she would be liable as a member of said association, and that, upon a final hearing, she have judgment affirming the validity and good standing of her certificate and making permanent such writ of injunction, etc.

On hearing this petition in vacation the judge entered his fiat to the effect that a temporary writ should be granted, and directed

the clerk of the court to issue such writ upon the plaintiffs, making and delivering to the clerk a good and sufficient bond, conditioned as the law requires, in the sum of $500.

The bond was filed and approved and the writ issued and served, restraining the defendants and each of them from canceling the certificate of plaintiff and commanding the defendants to notify the plaintiff of all assessments and dues made and levied against members of the Amarillo Mutual Benevolent Association until the further orders of the court, from which order this appeal is prosecuted.

In our opinion the petition is sufficient to authorize the court to order the issuance of a writ temporarily restraining the defendants from canceling plaintiff's certificate.

 "In general, it may be stated that it is the duty of the trial court to grant a temporary writ of injunction when it is made to appear that there is a substantial controversy between the parties, and that one of the parties is committing an act or threatening the immediate commission of an act that will destroy the status quo of the controversy, before a full hearing can be had on the merits of the case and final judgment pronounced." City of Farmersville v. Texas-Louisiana Power Co. et al. (Tex. Civ. App.) 33 S.W.(2d) 272, 274.

"The issuance of a temporary writ of injunction is merely a provisional remedy allowed by the court, before the trial of this case on its merits, for the sole purpose of preserving the subject-matter of the controversy as it existed at the time the suit was instituted. * * * In any particular case the issuance of a temporary writ of injunction rests largely in the discretion of the trial court and his action in either granting or refusing to grant such writ, cannot be disturbed, unless it be made to appear that the discretion thus lodged was abused by the order made." Midland Building & Loan Association v. Sparks Chapel Colored M. E. Church in America et al. (Tex. Civ. App.) 35 S.W.(2d) 774, 775.

"The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged." James v. E. Weinstein & Sons (Tex. Com. App.) 12 S.W.(2d) 959, 960, and authorities cited.

Under the allegations in the petition, the court erred in directing the issuance of the mandatory part of the temporary injunction which commanded the defendants to notify the plaintiff of all assessments and dues made and levied against each member of the Amarillo Mutual Benevolent Association until the further orders of the district court to be held in Wheeler county on the first Monday in August, 1932.

A compliance with the mandatory part of the order would change the status quo and could unnecessarily complicate the adjudication of the case at a final hearing on the merits. National Mutual Accident Ins. Co. v. Davis (Tex. Civ. App.) 46 S.W.(2d) 351.

"Mandatory injunctions should rarely be granted except on final hearing and only where a plain and imperative case for active interference is shown and then only to execute the judgment or decree of the court. To authorize the issuance of a mandatory injunction in such case, the invasion of the right must be material and substantial. The right of complainant must be clear and unmistakable on the law and the facts and there must exist an urgent and paramount necessity for the issuing of the writ in order to prevent extreme or other serious damage which would ensue from withholding it." 32 C. J. 25. See, also, McFadden v. Wiess (Tex. Civ. App.) 168 S. W. 486.

The judgment of the trial court is reformed to the extent of dissolving the temporary injunction commanding the defendants to furnish the plaintiff with notice as directed, but the part of the judgment which enjoins the defendants from canceling plaintiff's certificate or policy of insurance is affirmed.

Reformed and affirmed.

HALL, C. J., not sitting.