### MORGAN et ux. v. SMART.
#### No. 1613.

Court of Civil Appeals of Texas. Eastland.

Dec. 6, 1935.

Meade F. Griffin, of Plainview, for appellants.

Bouldin & Bouldin, of Mineral Wells, for appellee.

FUNDERBURK, Justice.

This appeal is prosecuted from the fiat, or order of Hon. Sam Russell, judge of the district court of Palo Pinto · county, made in chambers awarding, without notice or hearing, a temporary injunction, in part prohibitory and in part mandatory, in favor of S. R. Smart, and against C. C. Morgan and wife, Ellen Morgan. The writ of injunction was in accordance with the judge's order, and enjoined the defendants C. C. Morgan and Ellen Morgan from "entering upon all lands and properties described in plaintiff's petition and from going on said land for any purposes, and from gathering the pecans on said land, or any part thereof, and from moving said pecans from said land and selling same, or any part thereof, and from interfering in any way with plaintiff's cattle." The mandatory provision of the order was a direction to the defendants that "You * * * vacate the house in which you now live located on the above said land and give possession of same at once until further orders of the district court of Palo Pinto County, Texas, to which this writ is returnable."

All questions presented relate to the legal sufficiency of plaintiff's petition to authorize the temporary injunction. The petition sought no other or different relief than that specified in the prayer for temporary injunction. Other than the usual and formal prayer for general and special relief, and for the issuance of citation, the only relief prayed, beyond that sought and obtained in the temporary injunction, was that "said injunction be made perpetual." In other words, except as to the time of its duration, the temporary injunction, if valid, accomplished every purpose of the lawsuit.

In James v. E. Weinstein & Sons (Tex.Com.App.) 12 S.W.(2d) 959, 960, it was declared: "The law is well settled in this state that the purpose of the issuance of a temporary injunction is to maintain the status quo in regard to the matter in controversy, and not to determine the respective rights of the parties under the cause of action asserted or defenses urged." This declaration of the law has been followed in subsequent cases, notably: Texas Co. v. Watkins (Tex.Civ.App.) 82 S.W.(2d) 1079; Southland Life Ins. Co. v. Egan (Tex.Civ.App.) 79 S.W.(2d) 899; Houston Funeral Home v. Boe (Tex.Civ. App.) 78 S.W.(2d) 1091; Williams v. De Fee (Tex.Civ.App.) 77 S.W.(2d) 729; Thurman v. State (Tex.Civ.App.) 67 S. W.(2d) 382; Crowell v. Cammack (Tex. Civ.App.) 40 S.W.(2d) 259; Coffee v. Borger State Bank (Tex.Civ.App.) 38 S.W.(2d) 187; Nelson v. Thompson (Tex.Civ.App.) 64 S.W.(2d) 373. Corpus Juris deals with the same subject as follows: "An interlocutory or preliminary injunction is a provisional remedy granted before a hearing on the merits, and *its sole object is to preserve the subject in controversy in its then existing condition* and without determining any question of right, merely to prevent a further perpetration of wrong or doing of any act whereby the *right in controversy may be materially injured or endangered* until a full and deliberate investigation of the case is afforded to the party." (Italics ours.) 32 C.J. p. 20, § 2. As supporting the text, the following Texas cases, including some of those above, are cited: John Dollinger v. Horkan (Tex.Civ.App.) 202 S.W. 978; Allen v. Knox (Tex.Civ.App.) 195 S.W. 1169; City Com'rs of Port Arthur v. Fant (Tex.Civ.App.) 193 S.W. 334; McFadden v. Wiess (Tex.Civ.App.) 168

S.W. 486; Mendelsohn v. Gordon (Tex. Civ.App.) 156 S.W. 1149; International & G. N. R. Co. v. Anderson (Tex.Civ. App.) 150 S.W. 239; Thurman v. State (Tex.Civ.App.) 67 S.W.(2d) 382; Sinclair Ref. Co. v. Paris (Tex.Civ.App.) 68 S.W.(2d) 230; Dallas· Joint Stock Land Bank v. Davis (Tex.Civ.App.) 73 S.W. (2d) 989; Diamond v. Hodges (Tex.Civ. App.) 58 S.W.(2d) 187; Bledsoe v. Grand Lodge (Tex.Civ.App.) 53 S.W.(2d) 73; Amarillo Mut. Benev. Ass'n v. Sims (Tex. Civ.App.) 53 S.W.(2d) 329; City of Farmersville v. Texas-Louisiana Power Co. (Tex.Civ.App.) 33 S.W.(2d) 272; Walter v. Hammonds (Tex.Civ.App.) 42 S.W.(2d) 1083; James v. E. Weinstein & Sons (Tex.Com.App.) 12 S.W.(2d) 959; Duncan v. Boyd (Tex.Civ.App.) 288 S.W. 281; City Council of Ft. Worth v. Fort Worth Associated Master Plumbers, etc., (Tex.Civ.App.) 8 S.W.(2d) 730; Gordon v. Hoencke (Tex.Civ.App.) 253 S.W. 629. If the "sole object" of a preliminary (temporary or interlocutory) injunction is to "preserve the subject in controversy" and to preserve it "in its then existing condition" until such controversy is tried on its merits, it is apparent that such "sole object" not only cannot be accomplished by a preliminary injunction embracing the entire subject-matter of the suit, but will be thereby defeated. Obviously, if in advance of trial and judgment, the rights and duties of the parties are controlled by, and made to conform to, the provisions of a temporary injunction issued in a suit which seeks no more than to continue, after final hearing, the same, control with the same effect, the temporary injunction will necessarily have the effect of *changing* instead of *preserving* the subject-matter of the controversy. This is undoubtedly the true reason supporting the legal proposition that "Ordinarily, where the issuance of a preliminary injunction would have the effect of granting all the relief that could be obtained by a final decree and would practically dispose of the whole case, it will not be granted." 32 C.J. p. 21, § 2. To the same effect as the text just quoted are the decisions in Dallas Hunting, etc., Club v. Dallas County Bois D'Arc Island Levee Dist. (Tex.Civ.App.) 235 S.W. 607; Oil Lease, etc., Syndicate v. Beeler (Tex. Civ.App.) 217 S.W. 1054; John Dollinger v. Horkan (Tex.Civ.App.) 202 S.W. 978; International & G. N. R. Co. v. Anderson County (Tex.Civ.App.) 150 S.W. 239; Galveston, etc., Ry. Co. v. Galveston (Tex.

Civ.App.) 137 S.W. 724; Nelson v. Thompson (Tex.Civ.App.) 64 S.W.(2d) 373; City of Farmersville v. Texas-Louisiana Power Co. (Tex.Civ.App.) 33 S. W.(2d) 272, 273; Welsh v. Carter (Tex. Civ.App.) 30 S.W.(2d) 354; James v. E. Weinstein & Sons (Tex.Com.App.) 12 S. W.(2d) 959. If we are correct as to the reason upon which the foregoing proposition rests, it would seem to be a more accurate statement of the proposition to omit the qualifying word—"ordinarily." If, as we have concluded, the necessary effect of a temporary injunction, which grants to a complainant all the relief sought by his suit, is to change the status quo, instead of preserving it, and the "sole purpose" of a temporary injunction is to preserve the status quo, it would seem to follow that without exception temporary injunctions having the effect of granting all the relief that could be obtained by a final decree must be denied. The statement of the rule with said qualifying word is no doubt made to include apparent, but not real, exceptions, which, however, are sometimes referred to as though they were real exceptions. An application of the rule we are considering in its relation to such apparent exceptions is disclosed in the following quotation: "It is not the function of a preliminary injunction to .transfer the possession of land from one person to another pending an adjudication of the title, except in cases in which the possession has been forcibly or fraudulently obtained by the defendant and the equities are such as to require that the possession thus wrongfully invaded be restored, and the original status of the property be preserved pending the decision of the issue." Simms v. Reisner (Tex.Civ.App.) 134 S. W. 278, 280. Other decisions dealing with the rule and said apparent exceptions are: Red Ball Stage Lines v. Griffin (Tex.Civ. App.) 275 S.W. 454; Holbein v. De La Garza, 59 Tex.Civ.App. 125, 126 S.W. 42; Block v. Fertitta (Tex.Civ.App.) 165 S.W. 504, 508; Hodges v. Christmas (Tex.Civ. App.)· 212 S.W. 825; Obets & Harris v. Speed (Tex.Civ.App.) 211 S.W. 316; Montgomery County Dev. Co. v. Miller-Vidor Lumber Co. (Tex.Civ.App.) 139 S. W. 1015; Jeff Chaison Townsite Co. v. McFaddin, Wiess & Kyle Land Co., 56 Tex.Civ.App. 611, 121 S.W. 716. The above quotation from Judge Pleasants' opinion makes it clear that no real exception to the rule exists, as it is there held that the action referred to as excep-

tional is for the purpose that "the original status of the property be preserved pending the decision of the issue." In other words, there are no real exceptions to the rule that the status quo will not be disturbed by a preliminary injunction, and when by such an injunction the possession of property is properly ordered to be restored it is not to disturb the status quo, but to avoid mistaking the true status and to avoid preserving a false one. In order that the "sole object" of a preliminary injunction, viz., to preserve pendente lite, the status quo of the subject-matter of a controversy, be accomplished, it has been found necessary to distinguish between a true status and an apparent, but false, status, such as may be produced by force or fraud, and to preserve the true status instead of the false. To this end the rule has been declared in words as follows: "The status quo which will be preserved by a preliminary injunction is the last, actual, peaceable, non-contested status which preceded the pending controversy." 32 C. J. p. 21, § 2; Houston Funeral Home v. Boe (Tex.Civ.App.) 78 S.W.(2d) 1091.

■■■ In the light of the foregoing, and the rule that the allegations in applications for temporary injunctions must be so specific and certain as to exclude any inference of the existence of facts which would show no right to the injunction, what was the status quo in this case which it is the "sole purpose" of a temporary injunction to preserve? According to the allegations, construed as above, the "last, actual, peaceable non-contested status" was that defendants at some time not stated "have gone in on said property and moved into a house on the above said land and have continuously interfered with this plaintiff's rights to said property, and have continuously been running this plaintiff's cattle from one part of said land to another, and thereby doing great damage to said cattle, and are now * * * gathering the pecans from the trees on the above said land and now preparing to haul said pecans from said land and market, sell and dispose of same." The suit, as its ultimate purpose, seeks to have that status changed completely and perpetually, to have the defendants move off the land and stay off and refrain from doing each and all the things which it was alleged they had theretofore been doing. The temporary injunction, contrary to the "sole purpose" of such a writ, completely changed every phase of the existing status by commanding the defendants to move off the land and refrain from doing each and all the things which it was alleged they had been doing.

The principles thus far discussed apply to preliminary injunctions, whether issued with or without notice, and whether of a nature prohibitory or mandatory, and compel, we think, the conclusion that the court erred in granting the temporary injunction in this case.

It will probably be insisted that in the foregoing statement of the status quo, as reflected by plaintiff's petition, we omitted important elements, such as plaintiff's ownership of the land and his possession thereof. There are at least two answers to this. In the first place, a temporary injunction can no more properly be employed to change or disturb important parts of the status quo than the entire status. In the next place, the allegations of plaintiff's petition do not show with requisite clearness and certainty what was the true status with reference either to ownership (if important) or possession. It was alleged that plaintiff was owner, but such allegation was subsequently qualified by allegations to show that he was only a lessee. Allegations of the ownership of his lessor were qualified to show that she individually was only a part owner.

As to possession, it is true that it was alleged that plaintiff "was in possession of said land" and "has been in possession of same since" a certain date, and, further, that "all of said land is now legally in the possession of this plaintiff." But, as already noticed, it was even more specifically alleged that defendants have gone in on said property and moved into a house on the above said land and have continuously interfered with this plaintiff's rights to said property, and have continuously been running this plaintiff's cattle from "one part of said land to another" and doing the other things alleged which were not only entirely consistent with the claim on the part of defendants of a right of possession, but the fact of an actual possession. These allegations are perhaps best harmonized by construing the allegations of plaintiff's possession as a constructive, as distinguished from an actual, possession. There was no allegation as to when defendants moved into the house. For aught the averments express, or reasonably imply to the contrary, the

defendants may have taken possession prior to the time plaintiff leased the land or claimed the right of possession. Notably absent is any allegation to show that defendants fraudulently or forcibly took possession. In view of the uncertainty as to the facts of possession, the averments that plaintiff was "entitled to the possession" of said land, and "entitled to the possession of all the pecans" and "entitled to the possession of all the dwellings and buildings," etc., show, or at least fail to exclude the inference, that the sole and real purpose of the suit was to determine a question of the right of possession. It is entirely beyond the function of a preliminary injunction under such circumstances to transfer possession pending a trial on the merits, or to restrain the exercise of acts which are the ordinary incidents of possession.

Being of the opinion that the order was erroneous and should be reversed, with instructions to dismiss the application for temporary injunction, it is accordingly so ordered.