SMITH v. HOULIS et al.

No. 2902.

Court of Civil Appeals of Texas. Waco.

March 17, 1950.

Irion, Cain, Bergman & Hickerson, Dallas, for appellant.

Chrestman, Brundidge, Fountain, Elliott & Bateman, Dallas, for appellee.

LESTER, Chief Justice.

This appeal involves the granting of a temporary injunction by the 44th Judicial District Court, Dallas County.

Several years prior to 1943 the appellee Louis D. Houlis manufactured baker's ovens and equipment on which he had secured a patent and had been operating under the registered trademark and trade name of "Master Baker", which also included equipment, and he used said name in such combination as "Master Baker Oven Company", "Master Baker Oven and Equipment"; and had several factories over the United States which manufactured said oven and equipment. Prior to 1943 the appellee had a licensee in Dallas County by the name of Kennedy, who died, and on or about June 15, 1943, appellee entered into a contract with Ed W. Smith as licensee to manufacture and sell ovens and equipment, same to bear the trademark "Master Baker". The contract further provided that appellant was to operate under the name of "Master Baker Oven and Equipment Company", which should be a subsidiary of the Ed W. Smith Machine Works. The contract also provided:

"(14) It is further agreed to by and between the two parties to this agreement that the same may not be cancelled by either party except for cause which cause or causes shall include failure by either party to abide by or fulfill the provisions of this agreement and such cancellation only after written notice by either party to the other setting forth fully the cause or causes for the desired cancellation and such cancellation to be effective only at the expiration of one year period from the date of the written notice by either party to the other provided that the effective date of such cancellation may take place and effect before the end of the said one year period after written notice if and when agreed to by and between the said two parties to this agreement, or should the said Second Party fail to pay the royalties as provided for in paragraph six, seven and eight hereof.

"(15) It is further agreed to by and between the two parties to this agreement that when this agreement is cancelled the said Party of the Second Part shall cease to manufacture the said ovens and equipment on the effective date of such cancellation and discontinue the use of the trade-name 'Master Baker', and will surrender to the Party of the First Part without charge all blue prints, drawings, specifications, and all patterns, new and old, used in the manufacture of the ovens and equipment."

The parties operated under said agreement until on or about January 26, 1949, when the appellant wrote appellee that he had been advised by his attorneys that it was their opinion the contract was in violation of the State and Federal laws and therefore he was cancelling the contract.

In May 1949, Houlis brought suit against Smith for damages for repudiation of the contract and prayed that he be enjoined from further doing business under the name of "Master Baker Oven and Equipment Company", and to require him to return the patterns, specifications, blueprints, etc. as provided in the contract. In July Smith brought this suit against the appellees, alleging he was the sole owner of the name "Master Baker Oven and Equipment Company" and that appellees had devised a fraudulent scheme and plan to appropriate his tradename and pursuant thereto had

filed a certificate under the Assumed Name Act and obtained a postoffice box and were advertising under the name of "Master Baker Oven and Equipment Company", against all of which he prayed that the appellees be enjoined.

The appellees answered, alleging the facts in respect to Houlis' establishment of the name and that Smith's use of said name was permissive and solely by virtue of the contract, under which he was required to discontinue its use on termination; also, that in a previous trial on the same issue Smith disclaimed any intention of doing business under the name of "Master Baker Oven and Equipment Company" and thereby abandoned the right to use the name, if any he ever had, and that by reason of all of such facts appellant never had had and did not have any proprietary interest in the name and was both equitably and judicially estopped; and by way of cross-action prayed that the appellant be enjoined from interfering with their advertisements, receipt of mail and efforts to establish the business.

The court, after full hearing on the applications for injunctive relief, granted a temporary injunction against the appellees, commanding and directing that the said appellees deliver forthwith to the appellant all checks, correspondence and mail, if any, intended for the appellant which they had in their possession or which may thereafter come into their possession within thirty days from date of said order, including all mail and correspondence relative to any repairs of bakery equipment, etc; and further enjoined the appellees for a period of thirty days from the date of said order from doing any new act toward appropriating or using the name "Master Baker Oven and Equipment Company", except that said appellees should not be required to cancel any advertisement that had already been placed nor cancel the postoffice box No. 665 in the Dallas postoffice. The court also granted a temporary injunction against the appellant, commanding him to cancel his postoffice box No. 1678 at the Dallas postoffice at the end of thirty days from the date of said order, and further enjoined and restrained him from telling any one that he was doing business as "Master Baker Oven and Equipment Company" or representing that he is the owner of said name, but allowing him permission to inform any one in the bakery trade that he is not operating under said name but that he does have three Master Baker ovens, which the court gave him permission to advertise and sell as Master Baker ovens.

The appellant's main contention is that the court erred in granting the temporary injunction for the reason that the trial court granted the entire relief requested by the appellees in their cross-action, and that the trial court in granting the same determined the ownership of the name "Master Baker Oven and Equipment Company", which should be passed upon only by a hearing on the merits of the case.

The appellant testified that he had taken down the sign of "Master Baker Oven and Equipment Company"; that he did not want to use the name and wanted no part of it and did not ever intend to use it except to sell three Master Baker ovens he then had on hand; that the use of the name in advertisements by him after January 1949, resulted from publishers not following instructions. He further testified:

"Q. Do you claim the right to operate under that name? A. I definitely do not, no Sir. We had the right to operate under it up until the time we wrote that letter and then we don't consider ourselves Master Baker Oven and Equipment Company any more.

"Q. Well, the fact is you did though up until quite recently. All the billings you ever furnished us have been on that heading, haven't they? A. Yes, Sir. May I add one more statement to that, Sir.

"Q. Yes, Sir. A. We agree with Mr. Houlis that when this thing was closed that we wouldn't use Master Baker Oven & Equipment Company letterheads or anything pertaining to Master Baker Oven & Equipment Company. We agreed that the letterheads which we have, 5000 or 6000, we would shear the whole top off and use the rest for scratch pads.

"Q. In other words, you are willing to do that then, are you? A. Yes, Sir.

"Q. Now, Mr. Smith, let's clear up that point. You don't intend to continue doing business under the name of Master Baker Oven and Equipment Company, do you? A. No, Sir.

"Q. All you want to do is sell the three ovens you have on hand? A. I want to get rid of the ovens and parts I have and not make any more.

"Q. And you don't want to operate any further under that name? A. I don't want any part of it."

He also testified: "I am trying to get over the idea that we don't intend to use the name Master Baker Oven and Equipment Company. We want to operate under the name of Ed W. Smith Machine Works."

The evidence shows that after the appellant notified appellee Houlis that he was cancelling his contract with him the appellant advertised in magazines and advertised in other manner that he was no longer connected with or doing business as "Master Baker Oven and Equipment Company", and such advertisement was of the following nature: "That in order to capitalize upon our experience in engineering and manufacturing, we have discontinued making Master Baker ovens and are announcing a new oven, a completely new model under our own firm name to be Smith's Supreme Oven". Appellee also announced the discontinuance by appellant of manufacturing ovens and announced and advertised that he had a new licensee in the name of Houlis Parker Manufacturing Company, Inc., and that they would continue the manufacture and sale of Master Baker ovens under the name of Master Baker Oven and Equipment Company, giving their address and postoffice box No. 665. After this announcement the appellant caused to be advertised and also wrote to magazines and others concerned that he was the sole owner of the name "Master Baker Oven and Equipment Company", and secured a postoffice box and instructed the postoffice personnel to place in said box all mail received addressed to the Master Baker Oven and Equipment Company. Prior to this the appellant had testified in a hearing for temporary injunction in the case of Houlis v. Smith that he was not and did not intend to operate under the name of "Master Baker Oven and Equipment Company"; that he did not claim any right to do so. He testified in this case that he wanted the appellees enjoined from using the full name "Master Baker Oven and Equipment Company" temporarily, that is, until he could notify his customers that he was manufacturing a new oven and operating under his new name and until he could get his business established.

Under the facts reflected by this record, we are of the opinion that the court did not err in granting the temporary injunction, even though it gave appellees all the relief prayed for and all the relief that could be obtained upon a final hearing, because the evidence shows that they were entitled to such relief and unless the same was granted they would in all probability suffer irreparable injury. Article 4642, Vernon's Ann.Civ.Stats.; Obets & Harris v. Speed, Tex.Civ.App., 211 S.W. 316; Texas Pipeline Co. v. Burton Drilling Co., Tex.Civ. App., 54 S.W.2d 190; Jeff Chaison Townsite Co. v. McFaddin, Wiess & Kyle Land Co., 56 Tex.Civ.App. 611, 121 S.W. 716; Oil Lease & Royalty Syndicate v. Beeler, Tex.Civ.App., 217 S.W. 1054; Beene v. Bryant, Tex.Civ.App., 201 S.W.2d 268; Terry v. City of Dallas, Tex.Civ.App., 175 S.W.2d 97.

What we have said disposes of all the assignments raised by the appellant. Therefore, the judgment of the trial court is in all things affirmed.